In re Jack Dean McPHERSON and Willa Lee McPherson, Debtors.

Jack Dean McPHERSON and Willa Lee McPherson, Plaintiffs,

v.

ASSOCIATES FINANCIAL SERVICES, Defendant.

Bankruptcy No. 81–01002 M R.
Adv. No. 81–0787.

United States Bankruptcy Court,
D. New Mexico.

March 8, 1982.

Daniel J. Behles, Albuquerque, N. M., for plaintiffs.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for hearing January 15, 1982, on plaintiffs' Complaint to Void Lien, plaintiffs being present through their counsel, Daniel J. Behles, and defendant being present through its Roswell branch manager, Ken Bartkowski; the Court having heard argument of the parties and having taken this matter under advisement.

The issue raised by plaintiffs' complaint is whether under 11 U.S.C. § 522(f)(2)(A) (1978) various types of guns and a gun cabinet fall within the meaning of household furnishings or household goods thereby allowing a debtor to avoid any lien thereon which impairs an exemption to which the debtor would otherwise have been entitled under 11 U.S.C. § 522(b) (1978).

Debtors filed their petition in bankruptcy September 17, 1981, and filed their complaint to void lien pursuant to 11 U.S.C. § 522(f) December 18, 1981. Although defendant failed to file a formal answer, a representative thereof tendered a letter to the attorney for plaintiffs January 5, 1982, which eventually was filed with the clerk of the Bankruptcy Court on January 7, 1982. The property to which defendant attaches a security interest consists of three types of guns and one gun cabinet. Answer due date was January 8, 1982.

Plaintiffs argue that the terms "household furnishings" and "household goods" should be liberally construed and further argue that in rural New Mexico, items such

as guns are used by most residents in the normal course of events. The plaintiffs believe, therefore, that they may void said lien as it encumbers property which they are entitled to exempt pursuant to 11 U.S.C. § 522(b).

In its letter of January 5, 1982, the defendant noted that it held a promissory note executed May 14, 1980, by the plaintiffs for the total of $1,107.30. It further noted that security for said promissory note consisted of three guns and a gun cabinet none of which qualified, in its opinion, as household goods. Therefore, defendant apparently challenges plaintiffs' attempt to void the lien on said property.

The terms "household goods" and "household furnishings" found in 11 U.S.C. § 522(f)(2)(A) (1978) must be strictly construed. *In re Ruppe (General Finance Corp. of Colorado v. Ruppe)*, 1 C.B.C.2d 479, 5 B.C.D. 1404, 3 B.R. 60 (Bkrtcy.D.Colo. 1980); *In re Boozer (Boozer v. Kennesaw Finance Co.)*, 2 C.B.C.2d 435, 6 B.C.D. 529, 4 B.R. 524 (Bkrtcy.N.D.Ga.1980). Since the statute lists goods to be included within the meaning of the statute, the statute necessarily must be narrowly construed. *General Finance Corp. of Colorado, supra.*

It has been specifically held that firearms cannot arguably fall within any of the property described under 11 U.S.C. § 522(f) (1978) as property on which a lien may be avoided. *In re Cole (Cole v. Beneficial Finance Co.)*, 15 B.R. 322 (Bkrtcy.W.D.Mo. 1981).

This Court finds that the guns listed as security for defendant's promissory note fail to fall within the meaning of either "household goods" or "household furnishings" as those terms are used in 11 U.S.C. § 522(f) (1978). Plaintiffs' request for an order allowing them to void the lien on said items is, therefore, denied.

This Court feels that the gun cabinet should be treated separately from the guns. It appears to this Court that such an item falls within the meaning of the term "household furnishings" as it is used in 11 U.S.C. § 522(f) (1978). Therefore, insofar as the gun cabinet is concerned, plaintiffs may void the lien held by defendant on said property.

An appropriate order will enter.