**In the Matter of Robert Leroy NOGGLE and Joanne Marie Noggle, Debtors.**

**Robert Leroy NOGGLE and Joanne Marie Noggle, Plaintiffs,**

v.

**BENEFICIAL FINANCE COMPANY, Defendant.**

**Bankruptcy No. 82–01710–B.**
**Adv. No. 82–2452–B.**

United States Bankruptcy Court, E.D. Michigan, S.D.

May 24, 1983.

Shelia McEntee, Milwaukee, Wis., for debtors.

John Dent, Pontiac, Mich., for defendant.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

The question presented is whether a Winchester rifle is a household good within the meaning of section 522(d)(3) and 522(f)(2)(A) of the Code.

Robert Noggle (debtor) filed a voluntary petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code. The debtor claimed exemptions pursuant to section 522(d)(3). This section provides that a debtor may claim as exempt certain basic property interests. Specifically, a debtor may claim as exempt his interest in

household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor [with a value not exceeding $200].

11 U.S.C. § 522(d)(3).

Prior to the filing of the petition, the debtor borrowed $1,005.72 from Beneficial Finance Company. To obtain the loan, the debtor gave Beneficial a security interest in certain designated household goods, cameras, appliances, and a Winchester rifle. Beneficial filed a financing statement to perfect its security interest in the described property. The debtor, during the administration of the case, filed a complaint to avoid Beneficial's nonpossessory, nonpurchase-money security interest in the collateral by virtue of section 522(f)(2) of the Code.

Section 522(f)(2)(A) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such a lien is—

\*　　\*　　\*　　\*　　\*　　\*

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

Section 522(f) applies in a chapter 13 proceeding. *Thurman v. City Financial Services (In re Thurman)*, 20 B.R. 978, 979 (Bkrtcy.W.D.Tenn.1982); *Baldwin v. AVCO Financial Services*, 22 B.R. 507 (D.C.D.Del. 1982); *Slykerman v. Associates Financial Services (In re Slykerman)*, 29 B.R. 82 (Bkrtcy.E.D.Mich.1983). Beneficial concedes that the lien was invalid as to all the property involved except for the lien on the Winchester .88 rifle. It is the position of Beneficial that the rifle is not encompassed by the term household goods in section 522(d)(3) or 522(f)(2)(A).

In response, the debtor contends that Beneficial is estopped from asserting that the rifle is not a household good and, alternatively, if the court rejects the estoppel argument, that the rifle is in fact a household good within the meaning of sections 522(d)(3) and 522(f)(2)(A). The estoppel argument is based on the debtor's contention that the security agreement merely referred to household goods and did not separately designate the Winchester rifle. The estoppel argument is clearly untenable. The security agreement incorporates a form denominated "Identification of Security." This form separately lists household goods, cameras, appliances and a Winchester rifle. There is nothing in the form to indicate that the rifle was part of the household goods of the debtor. The financing statement also clearly indicates that the rifle was not intended to be classified as a household good. The financing statement makes

no mention of "household goods." The rifle is covered by a general reference to "any other personal property."[1] Moreover, the classification of property in a security agreement is not dispositive of questions dealing with whether the property may be claimed as exempt or whether a lien on such property may be avoided.

■ It is necessary, therefore, to decide whether the term household goods as employed in section 522(f) covers the rifle. Section 522(f) permits a debtor to avoid a nonpossessory, nonpurchase-money security interest in designated property that a debtor claims as exempt pursuant to section 522(d)(3). Section 522(d)(3) separately identifies many items of property that a debtor may claim as exempt. Household goods are merely one of the items set forth. If Congress had intended to permit a debtor to avoid a lien on all items kept in a household, there would have been no need to separately list property such as appliances, books, musical instruments or jewelry. Separately listing such items evidences an intent that not all property kept in the household is encompassed by the term household goods. *General Finance Corp. v. Ruppe (In re Ruppe)*, 3 B.R. 60 (Bkrtcy.D.Colo.1980); *Cole v. Beneficial Finance Co. (In re Cole)*, 15 B.R. 322 (Bkrtcy.W.D.Mo.1981); *McPherson v. Associates Financial Services (In re McPherson)*, 18 B.R. 240 (Bkrtcy.D.N.M. 1982).

■ Additionally, "[a] fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). A rifle is generally not understood to be a household good. The

mere fact that it is kept in the household does not make it so within the meaning of section 522(d)(3) or 522(f)(2)(A). The common understanding that a rifle is not a household good is reflected in the provisions of many state exemption provisions. State legislatures, when they confer the right to claim weapons as exempt, generally do so explicitly.[2] *See* Ariz.Rev.Stat.Ann. §§ 33–1125, 33–1130 (Supp.1981); Cal.Civ.Proc. Code § 690.1 (West 1980); M.C.L. § 600.-23(a)(1)(1968); Nev.Rev.Stat. § 21.090 (1981); Okla.Stat.Ann. tit. 31, § 1 (West Supp.1981). If it was generally understood that a rifle or any other weapon was covered by the term "household goods", there would have been no necessity to provide a separate exemption for this class of property.

■ The term "household goods" appears in both section 522(d)(2) and 522(f)(2)(A). To determine whether a rifle is a household good within the meaning of those sections, the background leading to the enactment of section 522(f) cannot be ignored. Prior to the adoption of the Code, financing companies would take a security interest in property essential to the debtor's survival, not because of the intrinsic value of the collateral, but because of the leverage it gave them in a bankruptcy proceeding. When the debtor filed a petition in bankruptcy, the secured creditor used "the threat of repossession, rarely carried out, to extract more than he would be able to if he did foreclose or repossess." H.R.Rep. No. 595, 95th Cong., 1st Sess. 127 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6088. Section 522(f)(2)(A) was enacted to prevent a creditor from exerting this pressure with respect to the limited property

---

1. The financing statement described the collateral as "[a]ll of the household furniture and furnishings, electrical and gas appliances, including television sets, phonographs and record players, refrigerators, etc., and other personal property now owned and located at the residence of the Debtor."

2. For example, the Michigan Legislature has done so in M.C.L. § 600.6023(a)(1) (1968) which provides that:

The following property shall be exempt from levy and sale under any execution:

(1) All family pictures, all arms and accouterments required by law to be kept by any person, all wearing apparel of every person or family, and provisions and fuel for comfortable subsistence of each householder and his family for 6 months.

*Id.*

enumerated in that section. It was designed to protect "the debtor's essential needs and to enable him to have a fresh start economically." *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 415, 74 L.Ed.2d 235 (1982) (Blackmun, J., concurring). To include a rifle within the term household goods would not serve that purpose. "[S]ince Section 522(f) does materially affect the rights of secured creditors, its application should not be extended beyond the evil it attempted to reach." *Credithrift of America, Inc. v. Meyers (In re Meyers),* 2 B.R. 603, 606 (Bkrtcy.E.D.Mich.1980).

An appropriate order to be submitted.