**In re Richard WETZEL, Jr. and Carol L. Wetzel, Debtors.**

**Bankruptcy No. 5–84–00109.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

June 6, 1984.

Bruce E. Downing of Harrison & Johnston, Winchester, Va., for debtors.

William E. Shmidheiser, III of Wharton, Aldhizer & Weaver, Harrisonburg, Va., for First Virginia Bank of Shenandoah Valley.

## MEMORANDUM OPINION

THOMAS J. WILSON, Bankruptcy Judge.

This case arises upon the motion of First Virginia Bank (Bank) for relief from the stay of 11 U.S.C. § 362. The Bank has a nonpossessory, nonpurchase-money lien on the Debtors' firearms.

Richard Wetzel, Jr. and Carol L. Wetzel (Debtors) claimed the firearms as exempt property in their homestead deed under Virginia law. They oppose the Bank's motion for relief because they contend that 11 U.S.C. § 522(f)(2) allows them to avoid the Bank's lien to the extent that it impairs their state exemption.

The Debtor's lien avoidance section provides in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such a lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods ... that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor; [or]

(B) implements, ... or tools, of the trade of the debtor or the trade of a dependent of the debtor....

The issue raised is whether the Bank's lien is avoidable under § 522(f)(2). It was stipulated by the parties that if the lien could not be so avoided, the Bank would be entitled to relief from the stay to repossess and foreclose its lien.

■ Section 522(f) was enacted to relieve debtors from creditor pressure under very limited circumstances. Where creditors hold security interests in property necessary to the debtor and of little resale value, the creditors are in a position to force a reaffirmation of the debts. To that extent, the debtor's "fresh start" is impaired. To avoid this type of pressure to reaffirm debts on essential personal items, § 522(f) was enacted. Report of the Commission on Bankruptcy Laws of the United States, H.R. No. 93-137, 93d Cong., 1st Sess., Pt. I, pp. 169, et seq. (1973).

■ The application of the provision is further limited in that it only applies to exempt property. In states, like Virginia, that have opted out of the federal exemption scheme, the property must be exempt under state law.

The firearms of the Wetzel's have been claimed as exempt without any objection. The final step to using the avoiding power is to determine whether the firearms constitute the type of essential personal items of little resale value that the provision is intended to cover.

■ In order to take advantage of § 522(f)(2), the firearms would have to constitute either "household furnishings," "household goods" or "implements or tools of the trade." The terms "household goods" and "household furnishings" as used in this statute are strictly construed. *In re McPherson*, 18 B.R. 240 (Bankr.N.M. 1982); *In re Boozer*, 4 B.R. 524 (Bankr.N. D.Ga.1980).

■ Prior bankruptcy court decisions have uniformly held that firearms do not constitute property on which a lien can be avoided pursuant to 11 U.S.C. § 522(f). *See, eg., In re Wright*, 34 B.R. 643 (Bankr. W.D.Ky.1983); *In re Noggle*, 30 B.R. 303 (Bankr.E.D.Mich.1983); *In re Cole*, 15 B.R.

322 (Bankr.W.D.Mo.1981). Likewise, this Court finds these firearms to be outside the category of necessary items of low resale value covered by the statute.