**In re Lucinda Beverly RAMEY, Debtor.**

**Lucinda Beverly RAMEY, Plaintiff,**

v.

**DOMINION NATIONAL BANK, Defendant.**

**Bankruptcy No. 5–84–00265.**
**Adv. No. 5–84–0096.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Dec. 13, 1984.

George W. R. Glass, Scully, Throckmorton & Glass, Winchester, Va., for debtor.

Thomas A. Schultz, Jr., Harrison & Johnston, Winchester, Va., for Dominion Nat. Bank.

## MEMORANDUM OPINION

THOMAS J. WILSON, III, Bankruptcy Judge.

Lucinda B. Ramey (Debtor), filed a complaint to avoid the lien of Dominion National Bank (Bank) on a Volkswagen automobile pursuant to 11 U.S.C. § 522(f). The parties submitted the case for decision on the stipulated facts and briefs filed with the Court.

The stipulated facts are essentially that the Debtor uses the automobile to take her daughter to and from school. The Debtor also uses it to drive from Winchester to Leesburg, Virginia, where she works as a registered nurse at the Loudoun Memorial Hospital from 3:00 p.m. to 11:00 p.m.

On these facts, the Debtor argues that her automobile constitutes either "household goods" within the meaning of 11 U.S.C. § 522(f)(2)(A) or a tool of her trade within the meaning of § 522(f)(2)(B).

The Bank contends that no authority exists for such a legal argument and that all the authorities point to a contrary interpretation of § 522(f).

The relevant portion of this section provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

 .      .      .      .      .

(2) a non-possessory, nonpurchase-money security interest in any—

(A) ... household goods, ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, ... or tools, of the trade of the debtor....

The Debtor valued the car at $1,200.00 and claimed it as exempt in her Homestead Deed and bankruptcy schedules. The Bank's lien against it is for approximately $6,400.00. The trustee has abandoned the vehicle.

An automobile has never been held to constitute "household goods." The term "household goods" as used in the lien avoidance statute has been strictly construed. *In re McPherson*, 18 B.R. 240 (Bankr.N.M.1982); *In re Boozer*, 4 B.R. 524 (Bankr.N.D.Ga.1980). *In re Wetzel*, 46 B.R. 254 decided by this Court rejected the argument that firearms constituted household goods. Cases in other bankruptcy courts have uniformly held that an automobile is not a household good. *E.g., Martinez v. Government Employees Credit Union of El Paso*, 22 B.R. 7 (Bankr. N.M.1982); *Steele v. United National Bank, Sioux Falls, South Dakota*, 8 B.R. 94 (Bankr.S.D.1980); *In re ABT*, 1 C.B.C.2d 374, 2 B.R. 323 (Bankr. E.D.Pa.1980). Accordingly, this Court holds that the term household goods does not include an automobile.

Neither is this vehicle a tool of the Debtor's trade. This Court cannot believe that Congress in enacting § 522(f) of the Code intended that a motor vehicle should constitute a tool or implement. The motor vehicle, a complicated machine developed and in use over the last eighty-five (85) years at least and used by hundreds of millions of people, would surely have been singled out as an exempt item under certain circumstances had Congress so intended. The Court does note that in the enactment of the Code, Congress did specify in the Federal exemptions a debtor's exemption of a motor vehicle to a value of $1,000.00. Ac-

cordingly, the Court is of the opinion that under § 522(f) of the Code, the lien on the motor vehicle in question cannot be avoided by the Debtor. It would appear that redemption of the car by the Debtor could be considered.

An appropriate order will enter.