In re James E. BARLEY and Sherry L. Barley, Debtors.

HEIGHTS FINANCE CORP., Plaintiff,

v.

James E. BARLEY and Sherry Lynn Barley, Defendants.

Bankruptcy No. 86–30444.
Adv. No. 86–3098.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

June 3, 1987.

David Rosselot, Kokomo, Ind., for plaintiff.

Annette Rush, Kokomo, Ind., for defendants.

## ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

The matter is before the court on the creditor Heights Finance Corporation's ("Heights") complaint for Recognition and Enforcement of Lien, which pursuant to this court's order of October 27, 1986 will be treated as a motion to reconsider the earlier order of August 8, 1986, granting debtors' motion to avoid lien under 11 U.S.C. § 522(f). Hearing on the motion to reconsider was held on February 12, 1987, and after a briefing period, the matter was taken under advisement.

At issue is whether a Remington Winchester .22 caliber Rifle ("the rifle") and a Homelite chain saw ("chain saw") constitute household goods such that the debtors may avoid Heights' lien on these items. Further, whether the lien held by Heights in the chain saw is a purchase money security interest making the chain saw non-exempt.

Indiana has opted out of federal exemptions provided for in 11 U.S.C. § 522(b). *See,* Ind.Code Ann. § 34–2–28–0.5 (Burns 1986). The Indiana Exemption Statute allows debtors to exempt, among other things, tangible personal property up to a value of $4,000 for each debtor. Ind.Code Ann. § 34–2–28–1 (Burns 1986). There is no dispute the value of the chain saw and the rifle fit within this value. The difficulty is whether the collateral falls within the avoidance of lien section of the Code, § 522(f). This section provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C.A. § 522(f) (West 1979).

The chain saw and the rifle would have to qualify as "household goods" under this section in order that debtors may avoid Heights' lien.

This court previously held a speed boat, its motor and trailer did not constitute household goods in the absence of showing such were not used at debtor's residence. *In re Lenczowski,* No. 81–31419, slip op. (N.D.In. August 1, 1983). Other courts in this circuit have found the definition of household goods is not restrictive, but should include personal property normally used by debtors or their dependents in or about the residence. *In re Vaughn* 64 B.R. 213 (Bankr.S.D.In. 1986); *In re Frazier,* No. IP86–5124B, Adv. No. 86–0617, slip op. (Bankr.S.D.In. April 21, 1987); *In re Cupp,* No. IP86–4125B, slip op. (Bankr.S.D.In. December 10, 1986).

Heights argues a chain saw is no more than a convenience to the debtor, of no use in the household except for cutting wood. Further, that the gun is definitely not a household good and must be excluded, citing several cases which hold firearms are not household goods within the meaning of § 522(f).[1]

■ Nevertheless, this court opines that the term household goods should be broadly interpreted. Therefore, the chain saw and rifle would fit within the definition of household goods, as they are items which could be used in or about the debtors' residence.

The next issue is whether the purchase money security interest in the chain saw was extinguished by the later loan agreement.

In this case, debtors executed a "Retail Installment Contract" ("the Installment Contract"), granting Heights a purchase money security interest in the chain saw on September 24, 1984. Debtors then executed a "Note and Security Agreement" ("the Security Agreement"), granting Heights a security interest in the chain saw and other household goods on April 8, 1985.[2]

■ The terms of the 1985 Security Agreement are different in several ways from the terms of the Installment Contract: the monthly payments are $146, instead of $31.73; the percentage rate is 24.35%, instead of 21.06%; total payments are $5,402, instead of $380.76. Further, it appears a portion of the proceeds from the Security Agreement were used to pay the balance of the Installment Contract in full. The Security Agreement states on line 2 that the amount paid on the debtors' account is $184.12, which amount constitutes the balance due on the Installment Contract. Finally, the Installment Contract is stamped "Made Again," which debtor asserts extinguished the purchase money security interest, and for which Heights could offer no explanation. In view of all these factors, the court finds the purchase money character of Heights' security interest in the chain saw was extinguished by the later Security Agreement.

Accordingly, creditor Heights' motion to reconsider the avoidance of lien is denied. Heights' lien in the Homelite Chain Saw and the Remington Winchester .22 Caliber Rifle is avoided to the extent such impairs an exemption to which the debtors are entitled.

SO ORDERED.

---

1. *Matter of Cole,* 15 B.R. 322 (Bankr.W.D.Mo. 1981); *Matter of McPherson,* 18 B.R. 240 (Bankr.N.M.1982); *In re Marvin Lewis Wright,* 34 B.R. 643 (Bankr.W.D.Ky.1983); *Matter of Noggle,* 30 B.R. 303 (Bankr.E.D.Mi.1983); *In re Wetzel,* 46 B.R. 254 (Bankr.W.D.Va.1984).

2. The other collateral on which Heights obtained a security interest on this Security Agreement included a motor cycle, a Rutherford color television with stand, Pioneer stereo with AM–FM, Pioneer turntable, Pioneer cassette, two Pioneer speakers, and the Remington Winchester 22–caliber rifle.