**In re Daniel and Beverly WEAVER, Debtors.**

**Bankruptcy No. 486–41243.**

United States Bankruptcy Court, N.D. Texas, Fort Worth Division.

Sept. 25, 1987.

---

Harry L. Cure, Jr., Cure & Ward, Fort Worth, Tex., for debtors.

Paul S. Irwin, Grand Prairie, Tex., for ITT.

## MEMORANDUM OF OPINION CONCERNING DEBTORS' MOTION TO AVOID LIENS

JOHN C. AKARD, Bankruptcy Judge.

Daniel Weaver and Beverly Weaver (Debtors) seek to set aside liens held by ITT Financial Services (ITT) on their exempt property.

### FACTS

The facts of this case are not disputed. On February 11, 1986, the Debtors borrowed $2,512.50 from ITT. The projected finance charge was $733.20. As a condition for lending money to the Debtors, ITT required and received a security interest in various property of the Debtors. However, ITT did not perfect its security interest.[1] The validity of this security interest as to the Debtors is not disputed. On June 18, 1986, the Debtors filed a voluntary Chapter 7 Bankruptcy Petition. The Debtors elected the Federal exemptions under § 522(d).[2,3] At the time of filing, an outstanding loan balance of approximately $2,411.00 remained. This amount exceeds

---

1. The Debtors assert that ITT should have filed a financing statement (Form UCC–1) with the Office of the Secretary of State of Texas under TEX. BUS. & COM. CODE ANN. (Vernon 1987) § 9.302 (the Texas adaptation of the Uniform Commercial Code), but it appears that these items are consumer goods and that the filing should have been with the Office of the County Clerk in the County of the Debtors' residence pursuant to § 9.401 of the Texas Business and Commerce Code. The error in choosing the place of filing is not material because ITT agrees that its lien was not perfected.

2. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

3. Texas has not "opted out" of the Federal exemptions pursuant to § 522(b)(1) and thus, residents of Texas may elect the Federal exemptions under § 522(d). The selection of the Federal exemptions is significant in this case because to the extent that there are valid liens on personal property, that property may not be claimed as exempt under the Texas exemption laws. *Allen v. Hale County State Bank (In re Allen),* 725 F.2d 290 (5th Cir.1984).

the value of the property subject to the security interest. On August 27, 1986, the Debtors filed a Motion to Avoid ITT's Lien and on November 26, 1986, filed an Amended Motion.

## ISSUES

The two issues presented are:

1. ITT does not dispute the power of the Trustee to avoid an unperfected lien; but where the Trustee-in-Bankruptcy (Trustee) chooses to take no action to avoid an unperfected, nonpossessory, nonpurchase-money lien, can the Debtor utilize the Trustee's power to avoid the lien?

2. Are firearms and mini-bikes claimed as exempt by the Debtors considered "household goods or furnishings" for lien avoidance purposes under § 522(f)?

## DISCUSSION

The three applicable sections of the Bankruptcy Code empowering debtors and/or trustees to avoid liens are §§ 544, 506 and 522.

### *Section 544*

The Trustee is given the powers of a judicial lien creditor, an attaching creditor, and a bona fide purchaser under § 544(a) which reads as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

It is settled that the Trustee may avoid the unperfected security interest held by a creditor such as ITT. *In re Lanctot*, 6 B.R. 576 (Bankr.D.Utah 1980).

If the trustee does not avoid the transfer and if the debtor claims the property as exempt, the debtor is given limited avoiding powers by § 522(h) which reads as follows:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff *to the extent that the debtor could have exempted such property under subsection (g)(1) of this section* if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer (emphasis added).

The Debtors claimed this property as exempt and the Trustee made no attempt to avoid ITT's liens under § 544. The Debtors' right to stand in the shoes of the Trustee with respect to a § 544 avoiding powers are limited, however, by § 522(g) which reads as follows:

(g) ... the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property un-

der subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

■■■ Therefore, the Debtors have the Trustee's § 544 avoiding powers *only* if all four of the following requirements are met:

a. The Trustee does not attempt to avoid the transfer under § 544; and

b. The Debtor claims the property as exempt; and

c. The original transfer was *not* a voluntary transfer of the property by the debtor (e.g., the property was seized or attached without the debtor's consent); and

d. The Debtor did not conceal such property.

All four elements must be present in order for the debtor to exercise the trustee's avoiding powers. In this case, items a, b, and d are present, but item c is missing since the Debtors voluntarily gave ITT a lien on the personal property in question.[4] Consequently, the Debtors cannot avoid ITT's lien. As between the parties an unperfected lien is valid. J. White and R. Summers, *Uniform Commercial Code* at 918 (2d ed. 1982)[5]

■■■ The Debtors assert that they should have all of the rights and powers of a trustee, noting that a Debtor-in-Possession in a Chapter 11 proceeding has all of the rights and powers of a trustee. Congress did give a Debtor-in-Possession the powers of a trustee in § 1107, but Congress made no similar grant of those powers to a Chapter 7 debtor. Thus, the Chapter 7 debtor possesses only those avoiding powers specifically granted to him by Congress in the Bankruptcy Code. *See In re Terry*, 56 B.R. 538 (Bankr.D.Vt.1986).

### Section 506

■■■ Section 506 deals with the determination of secured status of claims. Section 506(d) deals with the avoidance of liens, but does not state whether the debtor or trustee must bring the action. Section 506(d) states that:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Section 502 lists the grounds for disallowing claims. Subsection 502(d) states in part that:

(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of this title. . . .

Thus, the court must declare a lien void if the transfer is avoidable by the debtor under § 522, or by the trustee under § 544, among others.

Traditionally debtors have brought actions challenging the secured status of a claim under § 506(d). The legislative statements contained in the Historical and Revision Notes to § 506 specify that the debtor is considered a party in interest for the purposes of § 506(d).

It is the opinion of the Court that § 506(d) is limited to challenging the secured status of claims. In this case we are

---

**4.** While one might argue that the transfer to ITT was involuntary on the basis that the debtors were "forced" to grant ITT a lien in order to secure the loan, obviously they were not required to make a loan at ITT. The requirement of security is simply an example of the modern golden rule: "He who has the gold, makes the rules."

**5.** *See also,* TEX.PROP.CODE ANN. § 13.001 (Vernon 1984).

not dealing with such a challenge and, consequently, § 506 is not applicable.

### *Section 522(f)*

 The Debtors are given specific avoiding powers under § 522(f), which states that the debtors may avoid the fixing of a lien that impairs an exemption if the lien is a judicial lien, or a nonpossessory, nonpurchase-money security interest in certain personal property, including household goods. The Debtors contend that their television, video cassette recorder, guns, and mini-bikes used as collateral for their loan from ITT are household goods as defined by § 522(f) and, thus, they may avoid ITT's lien under this section.

ITT does not dispute that the television and video cassette recorder are household goods. However, ITT argues that guns and mini-bikes do not fit the definition of household goods under § 522(f). The argument has merit. Section 522(f)(2)(A) lists the following categories of items which, if a security interest is held in them, will allow the debtors to avoid the lien:

> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

Firearms and mini-bikes fall outside the categories of household items outlined in the statute, a conclusion which has been reached by other courts. *In re Noggle*, 30 B.R. 303 (Bankr.E.D.Mich.1983) (rifle); *In re Wetzel*, 46 B.R. 254, (Bankr.W.D.Va. 1984) (firearms); *In re Lanctot, supra* (motorcycles). This Court concludes that mini-bikes are vehicles for the purpose of the exemption statutes and that guns are neither household furnishings nor household goods. Consequently, the Debtors may not avoid the liens on these items by invoking § 522(f).[6]

### CONCLUSION

These Chapter 7 Debtors, who claimed the Federal exemptions, can not avoid ITT's lien on their firearms and mini-bikes.

Order accordingly.[7]

---

6. Given Texas' Western traditions, many Texans would argue that a firearm is as much a part of a house as a stove or refrigerator. Being a native Texan, this Judge can understand that feeling. The Debtors argue that with increasing crime rates, firearms should be considered the household goods. This Court feels that Congress was aware of both those arguments and would have included firearms in § 522(f) with

specificity had it wished to adopt those arguments.

7. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.