**In re Joanette ROSS, Debtor,**

**Joanette ROSS, Plaintiff,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Defendant.**

**Bankruptcy No. 85–01061–BKC–J13. Adv. No. 87–0070–BKC–J13.**

United States Bankruptcy Court, E.D. Missouri, E.D.

March 15, 1988.

T.J. Mullin, Clayton, Mo., for debtor.

Eileen Voss, St. Louis, Mo., Trustee.

Ninion S. Riley, Larry Ruhmann, Jefferson City, Mo., for defendant.

## MEMORANDUM OPINION

JAMES A. BARTA, Chief Judge.

Joanette Ross filed her Complaint against the State of Missouri Division of Employment Security requesting an Order from this Court requiring: 1) The Defend-ant return to her the benefits withheld by the Defendant; 2) prohibiting the further withholding of benefits; and 3) entering judgment against the Defendant for damages for violation of the automatic stay.

In 1983, Joanette Ross was overpaid $1,155.00 in weekly unemployment compensation benefits as a result of a nondisclosure or material misrepresentation of facts. The Division employed one of their collection methods authorized by statute and garnished Ms. Ross' wages.

On June 11, 1985, Ms. Ross filed her Petition for Relief under Chapter 13 of the Bankruptcy Code, and a Plan of Repayment was thereafter confirmed by Order of this Court. In accordance with the Debtor's Plan, the Trustee thereafter made payments to the Division. Payments under the Plan continued through March 24, 1987.

At some time subsequent thereto, Ms. Ross filed with the Division her application for unemployment compensation benefits. The Division has denied Ms. Ross benefits until such time as the amount of benefits denied equals the amount still owed the Division as a result of the overpayment. The Debtor has sought relief from this Court as a result of this denial of benefits.

The Plaintiff first asserts the Division's actions are in violation of the automatic stay of 11 U.S.C. § 362. In defense of its action, however, the Division cites *In Re Maine*, 32 B.R. 452 (Bkrtcy.W.D.N.Y.1983). The facts of that case are directly on point with the instant case. The Court in *Maine* concluded that the automatic stay had not been violated and the recovery of an overpayment by denial of benefits was a legitimate exercise of the state's common law right of recoupment. *Maine* likened the action taken by the State unemployment insurance department to the principle of recoupment under a valid contract.

The better view of the law, in this Court's opinion, is that adopted by the Third Circuit in *Lee v. Schweiker*, 739 F.2d 870 (3rd Cir.1984). The Court in *Schweiker* held that social security benefits could not be withheld to offset pre-petition over-payments. An analogy to recoupment in

contract cases was specifically rejected as inapplicable to recoupment of overpayments of governmental benefits.

"The courts have generally taken a different approach in dealing with government benefits to individuals, such as social security. In these circumstances, the courts have held that a social-welfare statute entitling an individual to benefits is not a contract, and that the obligation is a separate debt subject to the ordinary rules of bankruptcy." *Lee v. Schweiker, supra,* at 876 (footnote and citations omitted).

The concept of payment of benefits for the unemployed is more akin to other social welfare programs than to the executory contract analysis adopted by the Court in *Maine, supra.* If certain conditions imposed by the statutes of Missouri are satisfied, an individual is then eligible to receive unemployment benefits. *Rapp v. Industrial Commission of Missouri,* 360 S.W.2d 366, 369 (Mo.App.So.Div.1962). The theory of the contractual right of recoupment is inapplicable to the facts of this case, and will not support the Defendant's post-petition actions.

█ The Division further argues their action is a legitimate exercise of the State's police power and, thus, is exempt pursuant to 11 U.S.C. § 362(b)(4).[1] The term "police or regulatory power" refers to the enforcement of state laws affecting health, welfare, morals, and safety, but not actions by a governmental unit to protect a pecuniary interest in property of the debtor. *State of Missouri v. U.S. Bankruptcy Court, Etc.,* 647 F.2d 768 (8th Cir.1981), cert. denied, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318.

█ The actions of the Division in this matter are founded upon an intent to collect the funds overpaid. While the receipt of an overpayment of unemployment compensation benefits received as a result of a misrepresentation of a material fact is a serious matter, the collection of the debt arising therefrom does not rise to the level of an exercise of the State's police or regulatory power.

The collection of overpayments is governed by statute. Pursuant to § 288.380(11) RSMo (1986), the Division may collect by means of execution or it is statutorily authorized to collect by "having sums deducted from any future benefits". From the plain language of this subsection, it is clear that these are alternate methods of collection. Such collection methods are stayed upon the filing of a petition in bankruptcy pursuant to 11 U.S.C. § 362(a). Thus, the Division's action in withholding benefits from the Debtor, in order to force repayment of a pre-petition debt, was in violation of the automatic stay.

Ms. Ross is entitled to recover from the Division all the benefits withheld post petition.

█ Ms. Ross also requests punitive damages and an award of attorney fees in this case. Such relief is appropriate where the automatic stay has been willfully violated. *In Re La Tempa,* 58 B.R. 588 (Bkrtcy. W.D.Va.1986). The facts and circumstances of this case do not support an award of either punitive damages or attorney fees. The Debtor's request will be denied.

By separate Order, judgment shall enter in favor of Plaintiff in this case, in that, the Division will be ordered to pay Joanette Ross the unemployment compensation benefits due her.

### ORDER

At Saint Louis, in this District, this 15th day of March, 1988.

The Complaint of Joanette Ross having been previously heard by this Court and the legal arguments of counsel thereafter heard and submitted to this Court in writing, and the issues presented therein having been duly considered and a separate Memorandum Opinion with regard thereto having been entered this date, now, therefore,

---

1. § 362(b)(4) provides an exemption from the automatic stay in bankruptcy for "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4).

IT IS ORDERED that judgment be and hereby is entered in favor of Plaintiff, Joanette Ross and against the Defendant, Missouri Division of Employment Security, in that, the Defendant is ordered to pay to the Plaintiff all unemployment compensation benefits withheld from the Plaintiff after June 11, 1985, which benefits were withheld for the purpose of collecting the Plaintiff's pre-petition debt owed to the Defendant; and that said Defendant is to refrain from withholding any further benefits to which Plaintiff may be entitled, if such withholding is based solely upon the non-payment of pre-petition debt; and that Plaintiff's request for attorney's fees and damages for willful violation of the automatic stay is denied.