**In re Lester Roger CHAMPION, June Faircloth Champion, Debtors.**

**Bankruptcy No. 87–01659.**

**Misc. Nos. 88–0605, 88–0019.**

United States Bankruptcy Court,
S.D. Alabama, S.D.

Sept. 7, 1988.

Jonathan P. Gardberg, Mobile, Ala., for debtors/movants.

Barry A. Friedman, Mobile, Ala., for creditor/respondent.

## ORDER

### ARTHUR B. BRISKMAN,
Bankruptcy Judge.

This matter came on for hearing on the Motion of the Debtors to Avoid a Security Interest of Beneficial Mississippi, Incorporated (Beneficial). Appearing were Jonathan P. Gardberg, attorney for the Debtors, and Barry A. Friedman, attorney for Beneficial. Having considered the matter, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On May 29, 1987, the Debtors obtained a loan from Beneficial in the amount of $3,924.33. As security for the debt, Beneficial took a security interest in certain personal property owned by the Debtors and listed in a document entitled "Identification of Security."

2. Included among the items of personalty which were given as security for the loan were firearms and camping equipment.

3. The security interest obtained by Beneficial was nonpossessory and nonpurchase-money in nature.

4. The Debtors filed a petition under Chapter 13 of the Bankruptcy Code on October 23, 1987. The case was converted to Chapter 7 on February 22, 1988. The postconversion amended schedule of exemptions indicates that the Debtors seek to exempt camping equipment valued at $50.00 and guns valued at $600.00.

5. The lien of Beneficial impairs an exemption to which the Debtors would otherwise have been entitled.

6. Prior to conversion, the Debtors requested that the Court avoid the lien of Beneficial pursuant to 11 U.S.C. § 522(f)(2). Before the original motion could be heard, the conversion to Chapter 7 took place and the Debtors filed this present motion to avoid the lien of Beneficial. Beneficial objects to the avoidance of the lien, asserting that Section 522(f) does not apply to firearms and camping equipment.

### CONCLUSION OF LAW

Section 522(f) of the Bankruptcy Code allows debtors to avoid the fixing of certain liens on property to the extent the liens would impair exemptions to which the debtors are entitled.[1] If the debtors have property which might be exempt but which is encumbered by a nonpurchase-money nonpossessory security interest, the lien may be avoided if the property is among those items listed in subparagraph (A) of Section 522(f)(2).

The effect of Section 522(f) has been summarized in this way:

> Our bankruptcy laws historically have allowed the bankrupt to exempt certain items from the estate. The purpose of the exemptions is to provide the debtor with "the basic necessities of life" and ensure that the "debtor will not be left destitute and a public charge." (citation omitted).

> (2) a nonpossessory, nonpurchase-money security interest in any—
> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

11 U.S.C. § 522(f).

---

1. Section 522(f) reads in relevant part as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> ....

The fact that property may qualify for exempt status does not aid the debtor if the property is encumbered by a valid lien. Creditors holding liens valid in bankruptcy may enforce them against exempt property. 11 U.S.C. 522(c)(2). The debtor may, however, avoid certain liens under Section 522(f).

*In re Bland,* 793 F.2d 1172 (11th Cir.1986). See also, *United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407 n. 1, 74 L.Ed.2d 235 (1982); *In re Hall,* 752 F.2d 582 (11th Cir.1985). As to why nonpossessory nonpurchase-money liens are specifically avoidable, it has been explained as follows:

> Section 522(f) was enacted to relieve debtors from creditor pressure under very limited circumstances. Where creditors hold security interests in property necessary to the debtor and of little resale value, the creditors are in a position to force a reaffirmation of the debts. To that extent, the debtor's fresh start is impaired. To avoid this type of pressure to reaffirm on essential personal items, Section 522(f) was enacted. (Citation omitted).

*In re Wetzel,* 46 B.R. 254, 255 (Bankr.W.D. Va.1984). Central to any Section 522(f)(2) issue, then, is whether the property which the lien in question encumbers is that type intended by Congress to be protected.

In the present case, it is clear to the Court Beneficial has a nonpossessory non-purchase-money security interest in the debtor's property—property which can be exempted under 11 U.S.C. § 522(b). The Court must decide whether the firearms and camping equipment in issue fall within the ambit of Section 522(f)(2). If they do, then the lien of Beneficial is due to be avoided.

Of the kinds of property listed in Section 522(f)(2), the classification relevant here is "household goods." Not only must firearms and camping equipment fit within the category of household goods, they must also be "held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

Beneficial relies on *In re Wetzel, supra,* for the proposition that firearms are not household goods. Applying a strict construction of the term "household goods", the *Wetzel* Court concluded that guns were not the "type of essential personal items of little resale value that [Section 522(f)(2)] is intended to cover." *Wetzel* at 255. See also *In re Weaver,* 78 B.R. 135 (Bankr.N.D. Tex.1987) (Congress was aware of the prevalence and uses of firearms and chose not to include such in Section 522(f)) and *In re McPherson,* 18 B.R. 240 (Bankr.N.M.1982) (since Section 522 lists goods to be included within the meaning of the statute, the statute must be strictly construed.)

Beneficial cites no authority for its proposition that camping equipment does not fall within the definition of "household goods." Presumably, however, the same arguments used in connection with firearms apply to camping equipment as well.

The Court can find no guidance from either the Eleventh Circuit Court of Appeals or the Fifth Circuit Court of Appeals on this question. Bankruptcy courts, however, appear to be split on the issue. While the above cited cases support the position of Beneficial, many courts have concluded otherwise.

In the case of *In re Boyer,* 63 B.R. 153 (Bankr.E.D.Mo.1986), the Court found that household goods included more than the bare necessities of existence; items which, while not being luxuries, are convenient and useful to a reasonable existence, are included. The Court in *In re Ross,* 83 B.R. 673 (Bankr.E.D.Mo.1988), applied this same rationale in concluding that firearms and camping equipment fell within the definition of household goods.

Another case applying a broad interpretation of the term "household goods" is *In re Barley,* 74 B.R. 450 (Bankr.N.D.Ind. 1987). The Court found that the definition of household goods is not restrictive and would include firearms.

Having analyzed the law in this area, the Court concludes that the term "household goods" in Section 522(f)(2)(A) should be given a broad definition. This is necessary to effectuate the intent of Congress in allow-

ing the avoidance of liens which would give some creditors unfair bargaining power with regard to household items of little resale value. *Wetzel, supra.*

The Court further concludes in some instances, firearms and camping equipment will fall within that grouping of property which Congress intended to protect through Section 522(f). In the typical situation where a debtor has one or two firearms and a small amount of camping equipment, the lien avoidance provisions of Section 522 should apply. On the other hand, it would be abusive to allow a gun collector to retain an entire collection of rifles, notwithstanding the exemption limitations of state law.

In the present case, the Debtors seek to avoid the lien of Beneficial on firearms whose number is unspecified but whose value is listed at $600.00. Similarly, the Debtors seek to avoid the lien of Beneficial on unspecified camping equipment with a value of $50.00. The Court finds that under the facts of this case, the nonpossessory, nonpurchase-money security interest of Beneficial is due to be avoided to the extent of the exemptions listed by the Debtors in Schedule B–4.

### ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Motion to Avoid a Security Interest of Beneficial Mississippi, Inc., filed in the Chapter 7 proceeding is GRANTED; and it is further

ORDERED, ADJUDGED and DECREED the nonpossessory, nonpurchase-money security interest of Beneficial Mississippi, Inc. is avoided to the extent of the exemptions claimed by the Debtors in Schedule B–4; and it is further

ORDERED, ADJUDGED and DECREED that the Motion to Avoid a Security Interest of Beneficial Mississippi, Inc., filed in the Chapter 13 proceeding is MOOT.