**In re Roy J. THORNTON, Debtor.**

**Roy J. THORNTON, Plaintiff,**

v.

**ITT FINANCIAL CORPORATION, Defendant.**

**Bankruptcy No. SB 87–08638 JW.
Ref. No. M8–00377 JW.**

United States Bankruptcy Court,
C.D. California.

Oct. 19, 1988.

Paul V. Reza, Foell, Elder and Lofland, Anaheim, Cal., for defendant.

Mark D. Edelbrock, Rancho Cucamonga, Cal., for plaintiff.

### MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

The Debtor filed a COMPLAINT TO AVOID LIEN under 11 U.S.C. § 522(f) against ITT Financial Corporation. After a hearing on August 30, 1988, the Court holds that the creditor's lien in "seven antique guns" may not be avoided under § 522(f).

## FACTS

In September 1985, the Debtor obtained a loan from ITT Financial Services for $2,695.94. The loan was secured by a non-purchase money security interest in various personal property with a claimed value of $14,870. The collateral included seven antique rifles" with a stated value of $4,500. On December 24, 1987, the Debtor filed a Chapter 7 bankruptcy petition and he included the seven antique guns as exempt on his amended B–4 schedules.

## ISSUES

The issues are (1) whether the seven antique guns are exempt under California law, and (2) may the Debtor avoid the lien on the guns pursuant to § 522(f).

## I. DISCUSSION

### A. Lien Avoidance Under Bankruptcy Code

■ Certain liens that impair exemptions may be avoided under § 522(f).[1] Where a state has opted out of the federal exemptions provided in § 522(d), state law determines what property is exempt, but federal law determines the availability of a lien avoidance. *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir.1984); *In re Eveland*, 87 B.R. 117, 121 (Bkrtcy.E.D.Cal.1988).

1. Lien avoidance is controlled by § 522 and the relevant subsections are,
 "**522 Exemptions**
 (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extant that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is-
 (1) a judicial lien; or
 (2) a nonpossessory, nonpurchase-money security interest in any-
 (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;"

2. "**Cal.Civ.Proc.Code § 704.020. Household Furnishings, Appliances, Provisions, and Personal Effects.**
 (a) Household furnishings, appliances, provisions, wearing apparel, and other personal effects are exempt in the following cases:

California has opted out of the federal exemptions, California *Code of Civil Procedure* (C.C.P.) § 703.130. In its exemption scheme, California offers debtors a choice between two mutually exclusive exemption lists. The Debtor has chosen the exemption list offered in C.C.P. § 703.140(b), (which mirrors the federal exemption list), and has claimed an exemption in the rifles pursuant to C.C.P. § 703.140(b)(3), (5). Although neither ITT Financial nor any other party has timely objected to the Debtor's claimed exemptions, because of the dual state exemption and federal lien avoidance analysis, it is necessary to examine whether this property is exempt under California law.

### B. California Exemption Law

■ California's exemption statutes do not expressly define household furnishings; however, such property is exempt if "ordinarily and reasonably necessary to, and personally used or procured for use" by the debtor.[2] "Ordinarily and reasonably necessary" is to be determined by considering both the extent such an item is ordinarily found in a household and whether it has extraordinary value when compared with the same type of item found in other households.[3] The debtor chose to claim the exemptions under California C.C.P. § 703.140[4] which does not define "house-

 (1) If ordinarily and reasonably necessary to, and personally used or procured for use by, the judgment debtor and members of the judgment debtor's family at the judgment debtor's principal place of residence."

3. "**Cal.Civ.Proc.Code § 704.020. Household Furnishings, Appliances, Provisions, and Personal Effects.**
 (b) In determining whether an item of property is 'ordinarily and reasonably necessary' under subdivision (a), the court shall take into account both of the following:
 (1) The extent to which the particular type of item is ordinarily found in a household.
 (2) Whether the particular item has extraordinary value as compared to the value of items of the same type found in other households."

4. "**Cal.Civ.Proc.Code § 703.140. Other Exemptions.**
 (b) The following exemptions may be elected as provided in subdivision (a):
 (3) The debtor's interest, not to exceed two hundred dollars ($200) in value in any partic-

hold furnishings or household goods." However, the expanded description of such property found in § 704.020 should apply as well to these terms as used in § 703.140.

## II. DISCUSSION AND APPLICATION

 The Bankruptcy Appellate Panel of the Ninth Circuit has determined that California courts have placed substantial emphasis on the debtor's station in life and manner of living when deciding whether to exempt such household goods from execution. *See In re Lucas,* 77 B.R. 242, 245 (9th Cir. BAP 1987). Basing its decision on the broad language of California statutes and the bankruptcy policy of liberally construing exemptions in favor of debtors, the *Lucas* Court concluded that the debtor could exempt golf clubs, camera equipment, exercise bikes and Hummel figurines as household furnishings. *Id.* at 245. The list of exempt property continues to expand. A partial list of personal property which has been held to be exempt under § 522(f), includes VCRs, stereos, telephone answering machines, paintings, Hummel figurines, beer steins, golf clubs, exercise bikes, camera equipment, bicycles, camping equipment, fishing equipment, personal computers and exercise equipment. *Id.* at 245–46; *In re Eveland,* 87 B.R. at 119, 121.

Because of the nature of firearms, many courts have concluded that firearms are outside the definition of exempt property (unless specifically included in the statute), and they have not allowed liens against firearms to be avoided. *See In re Oswald,* 85 B.R. 541 (W.D.Mo.1986); *In re Eveland,* 87 B.R. 117 (Bkrtcy.E.D.Cal.1988); *In re*

*Weaver,* 78 B.R. 135 (Bkrtcy.N.D.Tex. 1987); *In re Wetzel,* 46 B.R. 254 (Bkrtcy.W. D.Va.1984); *In re Noggle,* 30 B.R. 303 (Bkrtcy.E.D.Mich.1983).

This consensus among the bankruptcy courts appears to be rooted in the ever changing definition of the ordinary household. In our modern urban, industrial, technological and service oriented society, firearms are not usually considered reasonably necessary household furnishings as they would have been 100 years ago on the frontier. However, the argument here does not involve the use of these rifles for protection or to procure food for the table. Rather, the plaintiff's argument is that all of these firearms have a significant, personal and intimate family history and they are used exclusively for display or conversation purposes just like a painting or Hummel figurine. Plaintiff's unchallenged declaration reveals how he inherited these guns from his great grandfather and grandfather who actually played a part in the colorful history of the American West.[5] The Debtor has stated that he does not use these rifles for hunting or target practice.

ITT Financial contends that none of the rifles are antiques, rather they are primarily sporting items and therefore the lien should not be avoided, citing *In re Eveland, Id.* The evidence does not support this contention. ITT offered expert testimony regarding the value of these rifles based on their age and condition. The expert witness, Joe Poyer, inspected the rifles just before the hearing, and he appraised them in a range of $200 to $995 with a total

---

ular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

**5. Plaintiff's Supplemental Declaration of Roy Thornton;**

"The display of the guns often affords me the opportunity to talk about my family's past with guests who come to my home.

My great grandfather was a government trapper in Langtree, Texas. His home was about 200 yards down the dirt street from the famed courthouse/saloon occupied by Judge Roy

Bean. The Judge's hanging tree was in the town square which was just out front of my great grandfather's house.

My grandfather was a true cowboy for most of his life. When he was young he participated in the historic trail drives from Texas to the northern rail depots. I still have his silver spurs and his rifles passed on to me. These rifles I keep and enjoy for their heritage. None of the seven rifles have ever been fired since they came into my possession. I have never owned ammunition that would fire these weapons.

I have never been interested in the monetary value of these rifles as it is my intention to pass them on to my children." at page 1 and 2.

**916**

value of $3,200.[6] He also testified that none of the rifles would qualify as an "antique" as defined by either the Customs Department (100 year rule) or by the Bureau of Alcohol, Tobacco and Firearms (manufactured 1898 or before). Poyer's declaration states that an undocumented history of an old firearm has nothing to do with its value and many old firearms have little or no value to collectors. Nevertheless, there is no evidence that the rifles were used by the Debtor for sporting purposes.

If the Debtor had chosen the alternate exemption list allowed by California statute, he could have successfully claimed an exemption and avoided ITT's lien in the seven antique guns as "heirlooms" where the aggregate value does not exceed $2,500. C.C.P. § 704.040. By choosing, instead, the "federal exemptions" the Debtor can prevail only if the rifles are found to be household furnishings.

## CONCLUSION

■ The lien avoidance ambit of § 522(f)(2)(A) is limited to those items of household furnishings and goods, clothes, books and appliances which are held primarily for the personal, family or household use of the debtor or a dependent of the debtor. Congress did not intend to include all consumer goods within § 522(f). Only that property which is listed or included within the appropriate federal or state exemption list and which affords the debtor a "fresh start" is subject to lien avoidance.

In *In re Lucas,* "California courts have held that in 'deciding whether furniture or wearing apparel is necessary and should be exempted from execution the court will consider the station in life of the owner and the manner of comfortable living to which he has become accustomed'." *In re Lucas,* 77 B.R. at 245. Owning firearms no longer has anything to do with one's station in life and manner of living; they have been replaced by other goods which are essential to the "fresh start" philosophy. Telephone

answering machines, VCRs, stereos, and computers, make it possible for a debtor to quickly reestablish and make a fresh start in our society. Exercise and sports equipment, paintings and figurines permit debtors to physically and mentally "recharge their batteries" thereby improving both their performance and contribution to society and themselves. Here, the Debtor has voluntarily created a consensual lien in property not usually found in the average household, and which has a relatively high resale value. Courts should be reluctant to allow the avoidance of such a lien where the goods are not directly related to the physical or psychological "fresh start" of the debtor. I hold that these seven rifles do not qualify as exempt household goods and that the lien may not be avoided.

This memorandum shall constitute the findings of fact and conclusions of law. Counsel for ITT shall prepare and lodge a proposed judgment consistent with this memorandum of decision.

---

**6.** The debtor/defendant's declaration had almost identical values for each rifle and for the total.