**In re Darryl R. BROWN and Lieu Brown, Debtors.**

**Bankruptcy No. 89–52308–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

April 4, 1990.

See also, Bkrtcy., 113 B.R. 320.

Robert D. Valdespino, Valdespino Law Office, San Antonio, Tex., for debtors.

Charles Russell Bomba, Law Office of John M. Killian & Associates, San Antonio, Tex., for First Nat. Bank of Poth.

## DECISION AND ORDER DISMISSING MOTION OF DEBTOR TO AVOID UNPERFECTED LIEN IMPAIRING DEBTORS' EXEMPTIONS FOR LACK OF JURISDICTION

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the motion of Debtors to avoid an unperfected lien held by First National Bank of Poth impairing Debtors' asserted homestead. Upon consideration thereof, the court finds and concludes that the motion must be dismissed for lack of subject matter jurisdiction because the Debtors lack standing to pursue this motion in this forum.

### BACKGROUND FACTS

The Debtors owned some rural land outside Floresville, Texas. In 1984 Mr. Brown obtained the first of a series of loans to finance and refinance the cost of constructing a metal building ostensibly to be used as his office, and ostensibly to be moved to

another location upon completion. First National Bank of Poth took a personal property security interest in the structure, and extended further loans to the Browns for other business purposes secured by the structure. The security interest was perfected by a filing in the personal property records of the secretary of the State of Texas, but the bank never obtained a mortgage on the property, nor did it ever record this security interest in the building in the real property records. There was also no fixture filing.

Although the Browns represented to the bank, the insurance company, an appraiser and others that the building was to be their office, they in fact affixed the structure to the land and moved into it as their home. Before moving into the metal building they had been living in another, somewhat dilapidated structure on the property. The metal building, while not very large, is of sufficient size to serve as a home.

The debtor argues that the Bank's lien is invalid against the debtor's homestead and by this motion seeks to avoid it. The Bank contests these allegations and adds that there appears to be no statutory basis for the debtors to bring this action.

## ANALYSIS

A federal court, including a bankruptcy court, being a court of limited jurisdiction, must itself raise the issue of its subject matter jurisdiction to hear an action before it and is obligated to dismiss the proceeding on its own motion if it finds subject matter jurisdiction is absent. *E.g., Clark v. Paul Gray, Inc.,* 306 U.S. 583, 588, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1938); *Oswalt v. Scripto, Inc.,* 616 F.2d 191, 192 (5th Cir.1980) ("it is well-established that a court may at anytime, and *sua sponte,* determine whether it has jurisdiction"). One precondition to invoking a federal court's jurisdiction is that the moving party have standing. *U.S. v. One 18th Century Colombian Monstrance,* 797 F.2d 1370, 1374 (5th Cir.1986), *cert. den.* 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987). A federal court has the obligation to deter-

mine the standing of parties seeking to invoke its jurisdiction, even if no party independently raises the issue. *Id.*

The Bank argues in its response to the motion that the debtor has failed to identify under just what statute it was bringing this action, raising (albeit obliquely) the question of standing. This court is constrained to find that the debtor here indeed lacks the standing to prosecute this motion in this forum, as there is no provision of the Bankruptcy Code which permits the debtor, as distinguished from the trustee, to bring this action. *In re Weaver,* 78 B.R. 135, 138 (Bankr.N.D.Tex.1987).

Section 522(b) authorizes a debtor to exempt from the estate property exempt under the laws of the domicile state. Section 522(f) then permits the debtor to avoid liens on exempt property if (a) the lien is a judicial lien or (b) the lien is a nonpossessory, nonpurchase money on certain specified personalty. 11 U.S.C. § 522(f). That section does not apply here. Section 522(h) permits a debtor to avoid transfers (e.g., liens) to the extent the debtor could have exempted the property under subsection (g)(1) if the transfer is avoidable by the trustee [1] and the trustee elects not to avoid it. 11 U.S.C. § 522(h). However, the predicate condition to the debtor's bringing such an action is that the subject transfer not be a "voluntary transfer of such property by the debtor." 11 U.S.C. § 522(g)(1)(A). *Weaver,* 78 B.R. at 138.

The evidence is uncontroverted that the lien in question in this case was voluntarily granted by the debtor to the Bank. No provision of the Bankruptcy Code gives these Debtors the right to avoid such a lien in this court. Concluding that the Debtors lack standing, the motion of the Debtors to determine status of the lien of First National Bank of Poth is dismissed, without prejudice.

So ORDERED.

---

**1.** In this case the transfer would arguably be avoidable by the trustee, as successor in interest to the Debtor, under Section 544 on grounds that the lien is not a validly created lien. *See* 11 U.S.C. § 544(a)(3).