**In re Marvin Lewis WRIGHT, Debtor.**

**Bankruptcy No. 48200278.**

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 22, 1983.

W. Mitchell Deep, Henderson, Ky., for debtor.

W. Gordon Iler, Owensboro, Ky., for creditor.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Bankruptcy Judge.

Marvin Wright filed a Chapter 7 petition in bankruptcy on July 14, 1982, and claimed two guns and an automobile as exempt based on KRS 427.160, which grants a $1,000 general exemption applicable to any property in the bankruptcy estate.

Pursuant to 11 U.S.C. § 522(f), Wright has moved this Court to avoid the liens of Peoples Security Finance Company on these items because they impair an exemption to which he would otherwise be entitled. Predictably, the creditor has objected.

In the recent case of *Pine, Giles v. Credithrift of America, Inc.*, 717 F.2d 281 (1983), the Sixth Circuit clarified the power of the states to define exempt property: "By enacting the 'opting-out' scheme without limitation, the legislators expressed their preference for state control of exemptions."[1] The Court also noted the purpose of § 522(f) of the Bankruptcy Code is to provide "... a mechanism for preserving exemptions,"[2] and that "... the avoidance power only comes into play after there has been a determination under § 522(b) of what property may be claimed as exempt."[3]

This case presents us with two distinct but related questions: (1) exemptability, which is controlled by Kentucky law,[4] and (2) lien avoidance, which is controlled by federal law.

Even if we assume that Wright's assertion is correct, and that KRS 427.160 would afford exempt status to all the property involved, our analysis would remain incomplete. Lien avoidance, which is the bottom line issue in this dispute, still must be resolved in strict accordance with the federal avoidance mechanism contained in § 522(f).[5]

That section creates a mechanism for the preservation of exemptions even where the debtor has granted a lien in property claimed as exempt. Congress devised an avoidance scheme that begins with a referral to exemption law, either federal or state. It then inserted an impairment requirement, and finally added a highly specific list of properties to which the Section applies. Thus, although the debtor has a powerful defensive weapon, that weapon has definite, known limitations.

Subsections 1 and 2 of § 522(f) define the scope of the debtor's avoiding powers to encompass only judicial liens and nonpossessory, nonpurchase-money security interests in *personal items*.[6] These items are drawn selectively from a much broader list of the items which are exemptable under § 522(d).[7]

Wright does not attempt to fit the two guns or the automobile within the three categories detailed in § 522(f)(2), household furnishings, tools of the trade, or necessary health aids. Rather, he poses a different question: May a debtor avoid a lien on property which may be exempt under state law but which is not of a type specified in § 522(f)? The simple answer is no.

We arrive at this conclusion after consideration of the unambiguous language of the

---

1. *Pine,* supra at p. 284.

2. Id. at p. 282.

3. Id. at p. 282.

4. In 1980, pursuant to KRS 427.170, Kentucky "opted-out" and declared that the federal exemptions are inapplicable in this state.

5. *In re Sweeney,* 7 B.R. 814 (Bkrtcy.E.D.Wis. 1980) and *In the Matter of McManus,* 681 F.2d

353 (5th Cir.1982) also highlight the need for a bifurcated analysis for § 522(f) disputes with state and federal law controlling separate aspects of lien avoidance questions.

6. See *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982).

7. Only the items allowed as exempt under § 522(d)(3), (4), (6), and (9) qualify for lien avoidance.

Bankruptcy Code and the underlying legislative intent. Subsection 2 precisely indicates the appropriate classes of property, and its legislative history reveals the justification for these class limitations. The Commission on the Bankruptcy Laws of the United States reported that Congress was addressing a particularized problem in § 522(f). Specifically, this provision was intended as a countermeasure to creditor pressure during bankruptcy proceedings. Creditors holding security interests in properties which were necessities of life with little resale value would often threaten foreclosure in an effort to extract reaffirmation of the debts, and thereby preclude a real "fresh start" for the debtor.[8] Congress meant to provide an escape valve only for these essential personal items, and we must respect that purpose.

Although Kentucky law creates the broad categories of exemptable property, we still must strictly observe the § 522(f) personal property restrictions,[9] and may not by judicial decree enlarge upon that list. We are unable to legitimately characterize the guns and auto as either health aids or household supplies, which we would have to do to reach an opposite result. We therefore deny Wright's motion to avoid the liens of Peoples Security. It is so ORDERED.

---

8. Report of the Commission on the Bankruptcy Laws of the United States, H.R. No. 93–137, 93d Cong., 1st Sess., Pt. I pp. 169–70 (1973).

9. The court in *In re Sweeney* refused to expand the lien avoidance provision to include the federal "wild card" exemptions permitted under § 522(d)(1) and (5) because "Congress specified that § 522(f) would apply to *certain limited categories* of personal property . . . ." (emphasis added). *Collier on Bankruptcy* provides similar commentary: "Even if the debtor chooses state exemptions, this avoiding power applies, but only to property that is exempt under state law that is of the same kind as the property allowed under those four paragraphs of § 522(d)." *3 Collier on Bankruptcy* ¶ 522.29 at p. 522–81 (15th Ed. 1982).