**In re Michael Len BOWEN and Patricia Faye Bowen, Debtors.**

**In re Claude Stanley ILES, Debtor.**

**Bankruptcy Nos. 87–20215–DPM, 86–20266–DPM.**

United States Bankruptcy Court, E.D. Missouri, N.D.

Jan. 27, 1988.

Dan K. Erdel, Mexico, Mo., for debtors Michael and Patricia Bowen.

T.J. Mullin, Clayton, Mo., for debtor Claude Stanley Iles.

Norman W. Lampton, Columbia, Mo., for ITT.

Sarah M. Lumpp, Hannibal, Mo., trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

Pending for determination are two lien avoidance motions in which the objecting creditor, ITT Financial Services ("ITT"), has raised common questions of law and fact. For the reasons stated below, ITT's objections will be overruled and the Debtors' motions granted.

### BACKGROUND

Section 522(f)(2)(A) of the Bankruptcy Code permits a debtor to avoid a lien on household and other personal goods to the extent that such a lien impairs an otherwise valid exemption of such goods. Although Section 522(b)(1) of the Bankruptcy Code also gives each state the option to opt out of the system of federal exemptions and Missouri has so opted, *see* Section 513.-427, R.S.Mo., since 1982 Missouri has permitted the exemption of such goods under Section 513.430, R.S.Mo. That Section provides in part that:

"The following property shall be exempt from attachment and execution to the extent of any person's interest therein:

(1) Household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments that are held primarily for personal, family or household use of such person or a dependent of such person, not to exceed one thousand dollars in value in the aggregate;

(2) Jewelry held primarily for the personal, family or household use of such person or a dependent of such person, not to exceed five hundred dollars in value in the aggregate; ..."

Furthermore, on the basis of this Missouri state exemption and Section 522(f)(2)(A) of the Bankruptcy Code, bankruptcy courts in this state have allowed debtors to avoid liens on household and other personal goods even where they lacked equity in them, that is, where the amount of the creditor's lien exceeded the value of the goods. *In re Boyer*, 63 B.R. 153 (Bankr.E.D.Mo.1986); *In re Lanzoni*, 67 B.R. 58 (Bankr.W.D.Mo.1986); *In re Miller*, 65 B.R. 263 (Bankr.W.D.Mo.1986).

In 1987, however, Missouri adopted legislation designed in part to preserve liens from avoidance. The pertinent section of the legislation reads:

"No property upon which a debtor has voluntarily granted a lien shall, to the extent of the balance due on the debt secured thereby, be subject to the provisions of chapter 513, RSMo. or be exempt from attachment or execution."

1987 Missouri Legislative Service 1166 (Vernon) (now codified as Section 513.436, R.S.Mo.) On the basis of this legislation, ITT argues that since its liens no longer impair an available exemption, Section 522(f)(2)(A) of the Bankruptcy Code cannot be applied to avoid them. ITT, therefore, concludes that Debtors' lien avoidance motions should be denied.

Alternatively, ITT argues that Debtors' motions at least must be denied in part because the property upon which the liens are sought to be avoided does not entirely consist of household and other personal

goods. The Court will consider each of ITT's arguments in turn.

## THE EFFECT OF THE LIEN PRESERVATION LEGISLATION

■ On December 9, 1987, Judge Koger of the United States Bankruptcy Court for the Western District of Missouri held that the lien preservation legislation violated Article III, Section 23 of the Missouri Constitution and, therefore, did not provide a basis for denying the avoidance of liens on household goods. *In re Sapp*, 81 B.R. 545 (Bankr.W.D.Mo.1987). This Court agrees with Judge Koger's holding.

Article III, Section 23 of the Missouri Constitution reads:

*"Section 23. Limitation of scope of bills—contents of Title—exceptions*

Section 23. No bill shall contain more than one subject which shall be clearly expressed in its title, except bills enacted under the third exception in section 37 of this article and general appropriation bills, which may embrace the various subjects and accounts for which moneys are appropriated."

The purpose of this section is to "prevent surprise or fraud upon legislators and to fairly appraise the public of the pending legislation's subject matter." *Westin Crown Plaza Hotel Co. v. King,* 664 S.W. 2d 2, 5 (Mo. banc 1984).

In determining whether the lien preservation legislation falls within the ambit of the constitutional prohibition of Article III, Section 23, this Court must adhere to the conclusion it believes the Missouri Supreme Court would reach, were that court to rule on the statute's constitutionality. *Anderson v. Employers Ins. of Wausau,* 826 F.2d 777, 779 (8th Cir.1987). Although the Missouri Supreme Court accords statutes a presumption of constitutionality, *Westin Crown Plaza Hotel Co., supra,* 664 S.W.2d at 5, the lien preservation legislation falls squarely within the constitutional prohibition because its statutory language appears as the last substantive section of an act *wholly* devoted to an *entirely different subject,* namely, the collection of child support and maintenance.

Indeed, at the hearing on this matter held on November 17, 1987, ITT through its attorney, Norman Lampton, admitted the lack of connection between the lien preservation section and the remainder of the Act:

"JUDGE McDONALD: So, your position is that this section has nothing to do with the rest of the law that is in here; your people just snuck it in?

MR. LAMPTON: That is exactly correct, Your Honor. One good lobbyist did it in Jefferson City."

Furthermore, in ITT's brief, the creditor admits that "logically this subsection [the lien preservation section] does not relate to the general child support statute. Any liens resulting from court ordered child support payments would be involuntary, not voluntary."

In short, the evidence is compelling that the lien preservation legislation was inserted into an otherwise unrelated act as a "fraud" upon the legislators and, thus, in violation of Article III, Section 23 of the Missouri Constitution. The Court, therefore, concludes that were the Missouri Supreme Court presented with the issue, it would decide that the lien preservation legislation codified in Section 513.436, R.S.Mo., is unconstitutional. Accordingly, the Court holds that it is ineffective to deny the avoidance of liens upon household and other personal goods pursuant to Section 522(f)(2)(A) of the Bankruptcy Code.

## THE STATUS OF DEBTORS' GOODS

■ ITT also objects to Debtors' motions because it asserts that some of each debtor's goods do not fall within the parameters of Section 522(f)(2)(A)'s classification of goods subject to lien avoidance. That section permits lien avoidance on "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." This Court has previously held that such "goods include more than those items that are indispensable to the bare existence of a debtor and his family. Items which, while not being luxuries, are

convenient or useful to a reasonable existence must also be included." *In re Boyer*, 63 B.R. 153, 159 (Bankr.E.D.Mo.1986). The question, therefore, is whether any of the objected to goods are not household or other personal goods and, thus, not subject to lien avoidance.

In the case of the Bowens, ITT objects to the inclusion of Debtors' VCR, guns, fishing equipment, golf clubs, tent, cameras, home workshop tools, drill, hand tools, luggage, penny collection, barbecue grill, and jewelry. In Iles' case, ITT objects to the inclusion of his piano/organ. Having considered the matter, the Court finds and concludes that each of the objected to goods is convenient or useful to a reasonable existence and, therefore, falls within Section 522(f)(2)(A)'s definition of goods subject to lien avoidance.

**CONCLUSION**

Having found no merit in any of ITT's objections to Debtors' lien avoidance motions, the Court will this date issue an Order overruling ITT's objections and granting Debtors' lien avoidance motions.