**In re Bennie L. RAY, Jr., Bonnie M. Ray, Debtors.**

**Bankruptcy No. 87–02905–BSS.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 24, 1988.

Charles H. Huber, St. Louis, Mo., for debtors.

Leslie A. Davis, Clayton, Mo., Trustee.

### MEMORANDUM OPINION

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

Benny L. Ray, Jr., and Bonnie M. Ray (hereinafter the "Debtors") filed a Motion To Avoid Liens on October 2, 1987, seeking to avoid liens on the Debtors' property held by ITT Financial Services, a/k/a Thorp Consumer Discount Company, (hereinafter "ITT") and Beneficial Missouri, Inc. (hereinafter "Beneficial") pursuant to security interests in the Debtors' property taken in exchange for loans made by these two creditors. ITT filed an Answer asserting that the value of an article of collateral securing the loan exceeds the amount of the allowable exemption and further asserting that House Bill No. 484, approved and effective July 15, 1987, removes a voluntarily granted lien from Missouri's exemption provisions. Beneficial's Answer herein as-

serts that certain items listed as security for its loan to the Debtors are not within the definition of personal and household goods and are thus not subject to the avoidance provisions of § 522(f). On November 20, 1987, ITT filed a Motion To Dismiss Movant/Debtors' Motion To Avoid Lien For Failure To State A Claim Upon Which Relief Can Be Granted alleging first that House Bill 484 removed any exemptions of property subject to a consensual lien; and alternatively that ITT should retain a lien on certain items of property which should not be classified as exempt property. A hearing of this matter was held November 24, 1987, at which time all parties appeared by counsel and ITT and the Debtors agreed to submit briefs by December 17, 1987. These briefs were timely filed with the Court along with a Supplemental Brief filed by ITT on December 21, 1987.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding", which this Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

## FACTS

On December 17, 1986, Beneficial loaned the Debtors $3,293.77 and received a security interest in certain household and personal goods of the Debtors. On May 4, 1987, ITT loaned the Debtors $2,388.63 and received a security interest in certain household and personal goods of the Debtor. The Debtors filed their Voluntary Chapter 7 Bankruptcy Petition on October 2, 1987. On November 4, 1987, the Debtors filed their Motion To Avoid these liens under 11 U.S.C. § 522(f)(2)(A). Beneficial disputes the applicability of that Code section to the following items:

1 exercise bicycle,
1 group of weights,
2 bicycles,
1 powermower,
1 lawn edger,
5 guns, and

Camping equipment (including tents, sleeping bags, cots and stoves)

ITT disputes that the following items may be properly exempted:

3 shotguns,
2 twenty-two pistols,
1 .38 revolver
2 Mongoose bicycles,
1 ten speed bicycle,
1 five speed bicycle, and
1 Sears Roebuck exercise bicycle

## DISCUSSION

This Opinion addresses the Motion to Dismiss filed by ITT and the parent Motion To Avoid Liens filed by the Debtors. The discussion shall first dispose of ITT's Motion to Dismiss, turning thereafter to the merits of the Debtors' Motion.

The Motion to Dismiss rests solely upon the existence of House Bill No. 484, approved and effective July 15, 1987, (codified in 513.436, R.S.Mo.) which reads:

No property upon which a debtor has voluntarily granted a lien shall, to the extent of the balance due on the debt secured thereby, be subject to the provisions of chapter 513. R.S.Mo. or be exempt from attachment or execution.

513.436 R.S.Mo. Based upon this newly enacted section ITT argues that the Debtors' may not use § 522(f) to avoid the liens involved herein. It is alleged that since § 513.436 R.S.Mo. disallows the exemption of property covered by a consensual lien, such property cannot be exempted under § 513.436 and thus cannot be avoided under Bankruptcy Code § 522(f), which applies only to a lien which "impairs an exemption to which the debtor would have been entitled". 11 U.S.C. § 522(f).

The problem with this argument lies in the creation of § 513.536 and its constitutionality. The two Courts which have addressed this issue have held that "the lien preservation legislation violated Article III, Section 23 of the Missouri Constitution and, therefore, did not provide a basis for denying the avoidance of liens on household goods." *In re Bowen*, 82 B.R. 102, 104 (Bankr.E.D.Mo.1988); *citing In re Sapp*,

81 B.R. 545 (Bankr.W.D.Mo.1987). This Court agrees with the holdings in these opinions proffered by the Honorable David P. McDonald and the Honorable Frank W. Koger.

Article III section 23 of the Missouri constitution reads:

*Section 23. Limitation of scope of bills —contents of Title—exceptions*

Section 23. No bill shall contain more than one subject which shall be clearly expressed in its title, except bills enacted under the third exception in section 37 of this article and general appropriation bills, which may embrace the various subjects and accounts for which monies are appropriated.

As noted in Judge McDonald's opinion, "the purpose of this section is to 'prevent surprise or fraud upon legislators and to fairly apprise the public of the pending legislation's subjection matter'". *In re Bowen*, 82 B.R. 102, 104 (Bankr.E.D.Mo. 1988); *quoting Westin Crown Plaza Hotel Co. v. King*, 664 S.W.2d 2, 5 (Mo. banc 1984). This Court's determination of whether the constitutional prohibition in Article III, section 23 applies to the lien preservation section enacted in House Bill No. 484 is guided by any Missouri State Court determination of the issue. "Since no Missouri Court has specifically addressed the present question, we must apply the rule we believe Missouri's highest court would follow." *Carlson v. Tandy Computer Leasing*, 803 F.2d 391 (8th Cir. 1986); *citing Tucker v. Paxson Machine Co.*, 645 F.2d 620, 624 (8th Cir.1981); *see also Anderson v. Employers Ins. of Wausau*, 826 F.2d 777, 779 (8th Cir.1987). Although the standard of review under Article III Section 23 of the Missouri Constitution begins with a presumption of constitutionality, "the test to determine if the title of a bill contains more than one subject is whether all provisions of the bill fairly relate to the same subject, have natural connection therewith or are incidents or means to accomplish its purpose." *Westin Crown Plaza Hotel Co. v. King*, 664 S.W.2d 2, 5 and 6; *quoting State ex rel. Williams v.*

*Marsh*, 626 S.W.2d 223, 228 (Mo. banc 1982).

Although it has been held that Article III Section 23 of the Missouri Constitution "should be liberally construed", it is this Court's opinion that this does not suggest a construction so broad as to make the prohibition meaningless. *State v. Williams*, 652 S.W.2d 102, 109 (Mo. banc 1983). Applying the constitutional prohibition to House Bill No. 484 reveals a lack of the connection or relationship necessary to insulate legislation from the effect of Article III Section 23. First, the title of the bill: "Child Support And Maintenance—Income Withholding" does not encompass the consensual lien provision which is stacked on to the end of the bill. Furthermore, the consensual lien provision enjoys no relationship with the rest of the bill's contents which deal with the subjects encompassed in the title. While the consensual lien provision is appropriately codified in chapter 513 dealing with executions and exemptions; the rest of the bill's provisions replace various sections of chapters 452 and 454 pertaining to dissolution, alimony, maintenance, and support enforcement. Additionally, this Court believes that any connection between the consensual lien provision and the provisions concerning the collection of support obligations is misguided since court ordered support obligations would not be voluntary liens and would remain completely unaffected by the consensual lien provision.

This Court agrees with Judge McDonald's opinion that "the lien preservation legislation falls squarely within the constitutional prohibition because its statutory language appears as the last substantive section of an act *wholly* devoted to an *entirely different subject*, namely, the collection of child support and maintenance." *In re Bowen*, 82 B.R. 102, 104 (Bankr.E.D. Mo.1988). Thus, this Court concludes that the Missouri Supreme Court, if presented with this issue would hold the consensual lien preservation legislation enacted in House Bill 484 and codified in Section 513.-436, R.S.Mo. to be unconstitutional under Article III Section 23 of the Missouri Con-

stitution. Therefore, the Motion To Dismiss filed by ITT and based upon the existence of the consensual lien provision in House Bill No. 484 shall be denied.

■ The only issue remaining in the Debtors' Motion to Avoid Liens is that both Beneficial and ITT question whether certain items taken by them as collateral fit within the § 522(f)(2)(A) category of items which are properly avoidable. 11 U.S.C. § 522(f)(2)(A) allows a debtor to avoid, to the extent an exemption is impaired, a judicial or nonpossessory, nonpurchase-money security interest lien in any household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor. Section 522(f)(2)(A) has previously been interpreted to include personal property found in debtor's residence, which is necessary to the functioning of a household or is normally used by and found in the residence of a debtor. *In re Smith*, Ch. 7 Case No. 86–02001(1), slip op. at 2 (E.D.Mo. Nov. 17, 1986) [available on WESTLAW, 1986 WL 20685]. Section 522 (f)(2)(A) has previously been held to include "more than those items that are indispensable to the bare existence of a debtor and his family. Items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included." *In re Boyer*, 63 B.R. 153, 159 (Bankr.E.D. Mo.1986).

These interpretations of § 522(f)(2)(A) "goods" provide a definition broad enough to include those items challenged by Beneficial and ITT. Lawn equipment, camping equipment, guns, bicycles, and exercise equipment fall squarely within the realm of objects "convenient or useful to a reasonable existence". This Court therefore concludes that each of the items objected to is within the scope of § 522(f)(2)(A) and the Debtors shall be allowed to avoid the liens of ITT and Beneficial to the extent that such liens impair exemptions to which the Debtors may be entitled.

### ORDER

At Saint Louis, in this District, this 24th day of February, 1988.

In accordance with the Memorandum Opinion filed this date, it is

ORDERED that the Motion to Dismiss filed by ITT on November 20, 1987, is hereby DENIED;

IT IS FURTHER ORDERED that the Debtors' Motion To Avoid Liens filed October 2, 1987, is hereby GRANTED in that the $2,388.63 lien held by ITT and the $3,293.77 lien held by Beneficial are avoided under 11 U.S.C. § 522(f)(2)(A) to the extent that such liens impair exemptions to which the Debtors may be entitled.