**In re Mark Lee OGLESBY, Debtor.**

**Bankruptcy No. 88–00584–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Jan. 4, 1989.

Timothy H. Battern, Eureka, Mo., for Mark Lee Oglesby, debtor.

Jack J. Gilbert, Clayton, Mo., for Thorp Consumer Discount Co. d/b/a ITT Financial Services.

Gerald A. Rimmel, Clayton, Mo., trustee.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

The issue presented in this matter is not a question of first impression in this District or in the Bankruptcy Courts. However, apparent differences among opinions from Courts in the State of Missouri have prompted Counsel in this matter to request the entry of this Memorandum Opinion.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and this Memorandum Opinion and separate Order constitute the final order of the Bankruptcy Court.

## FACTS

Prior to the commencement of this Chapter 7 case, the Debtor granted ITT Financial Services (ITT) a non-possessory, non-purchase security interest in two .22 caliber rifles and one pistol. As part of his Bankruptcy Schedules filed on February 24, 1988, the Debtor claimed exemptions in the firearms pursuant to Section 513.430(1), Revised Statutes of Missouri (RSMo). The applicable provisions of the Missouri law state as follows:

"513.430. The following property shall be exempt from attachment and execution ...

(1) Household furnishings, household goods, ... that are held primarily for personal, family or household use of such person or a dependent of such person, not to exceed one thousand dollars in value ..."

The Debtor subsequently filed a Motion to Avoid the Lien of ITT alleging that the lien impaired an exemption to which he was entitled pursuant to 11 U.S.C. § 522(f)(2)(A).

This Court heard the motion on April 20, 1988, and announced its oral findings and conclusions from the bench. Several items including one rifle and the pistol were determined to be items of household goods pursuant to V.A.M.S. § 513.430(1), and the lien of ITT was set aside as provided by 11 U.S.C. § 522(f)(2)(A). On April 27, 1988, ITT filed its Notice of Appeal to the United States District Court for the Eastern District of Missouri in opposition to this Court's oral findings. Because the Notice of Appeal was filed before this Court issued its written order in this matter, this Court now considers the Notice of Appeal as a Motion to Reconsider its oral findings, as explained to the parties' attorneys during a telephone conference.

## QUESTION

The question in this case is whether a firearm is a household good upon which a lien can be avoided pursuant to 11 U.S.C. 522(f)(2)(A) and V.A.M.S. § 513.430(1).

## DISCUSSION

The courts which have considered whether firearms are household goods are not in agreement. Two bankruptcy courts in the Western District of Missouri have found that firearms are not household goods. In an early Bankruptcy Code case, *Matter of Cole,* 15 B.R. 322, 325 (Bkrtcy.W.D., Mo. 1981) the Court strictly construed Section 522 and held that firearms did not fall within any of the listed property classes. A second Western District court also held that firearms were not household goods. See, *In re Gray,* 87 B.R. 591, 592 (Bkrtcy. W.D.Mo.1988). The *Gray* court stated that "[o]nly those personal goods necessary to the debtor's new beginning and of little resale value fit the federal bankruptcy philosophy embodied in § 522(f)(2)." *In re Gray, supra,* p. 592. The *Gray* court cited the 8th Circuit opinion of *Matter of Thompson,* 750 F.2d 628, 631 (8th Cir.1984)

for a general description of the items of property which are within § 522(f)(2)(A). Both Western District Bankruptcy courts adopted a strict interpretation of the items which may be included within § 522(f)(2)(A).

However, two Courts in the Eastern District of Missouri have reached a different result. In *In re Bowen,* 82 B.R. 102, 105 (Bkrtcy.E.D.Mo.1988), the Debtor sought to avoid a non-possessory, non-purchase money security interest in a list of items of personal property which included firearms. The Court's opinion referred to a definition of household goods which had been set forth in an earlier decision of the same Court.

"... household goods include more than those items that are indispensable to the bare existence of a debtor and his family. Items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included." *In Re Boyer,* 63 B.R. 153, 159 (Bkrtcy.E.D.Mo.1986).

The *Boyer* decision referred to the "necessary" standard established by the Eighth Circuit in the *Thompson* case, and adopted the conclusion that household goods include items which are convenient or useful to a reasonable existence. *In re Boyer, supra,* at 159. The Court then determined that the *Bowen* list of items which included firearms was a list of household goods which may be included in an action pursuant to Section 522(f)(2)(A).

A second Eastern District of Missouri case followed the *Bowen* decision and adopted a broad interpretation of Section 522(f)(2)(A). In *In re Ray,* 83 B.R. 670, 672 (Bkrtcy.E.D.Mo.1988), the Court also applied the *Boyer* definition of household goods as including items that are convenient or useful to a reasonable existence. The *Ray* Court then held that a list of items of personal property which included handguns and shotguns was subject to lien avoidance under the Federal statute.

It appears then that the decisions of the Missouri Bankruptcy Courts are not in agreement as to the inclusion of firearms in the category of household goods. This

Court's research has located only one United States District Court opinion in Missouri which has specifically addressed this question. In the Western District of Missouri, the Court in *Oswald v. ITT Financial Services*, 85 B.R. 541, 543 (D.Ct., W.D.Mo. 1986) considered the status of firearms under Section 522(f)(2)(A) and held that guns are neither household furnishings nor household goods. The District Court reversed the Bankruptcy trial court's decision on this point and stated that "... items are not household goods merely because they are found in many, or most homes." *Oswald, supra* at 543. The District Court opinion adopted the view of the earlier Western District Bankruptcy Court decisions which excluded firearms from the category of household goods in a consideration of Federal lien avoidance.

The parties here have agreed that the U.S. Court of Appeals for the Eighth Circuit has not directly addressed the question of firearms as household goods. Therefore, the trial court must apply the general directives set out in the decision in *Matter of Thompson, supra.*

In the *Thompson* case, the Debtors attempted to avoid a lien on farm livestock. The Appellate Court considered which items were to be included within the categories of the federal law at Section 522(f)(2)(A). After discussing the legislative history of the lien avoidance law, the Court concluded that a balance must be maintained between debtors and creditors. Not every item which is exempt under Federal or state law can be avoided under Section 522(f)(2). *Matter of Thompson, supra* at 631. The Court then limited lien avoidance to those items in adhesion contract security interests which are low value personal goods necessary to the debtor's new beginning. The *Thompson* farm animals were determined to be not within this general description, and lien avoidance was denied.

The record in this case has not established that the firearms are necessary to the Debtor's new beginning. Although one of the pistols may possess a sentimental value because it had previously belonged to a relative, this value was present and presumably considered by the Debtor when the security interest was granted to ITT. Therefore, as a matter of federal law in this Circuit, these firearms are not household goods as that term is intended to be applied in a consideration of lien avoidance.

Debtors in the State of Missouri may claim only Missouri exemptions. See Section 513.427 RSMo, 1982. It might be argued then that if the Debtor is allowed to claim an exemption for firearms as household goods under Missouri law, he should be allowed to avoid a non-possessory, non-purchase money lien which impairs that exemption. However, neither the record in this case, nor the Court's own research has presented a State of Missouri citation which allows an exemption for firearms as household goods.

In the absence of a definition of household goods in the context of a claim of exemption, the Court may consider common usage or accepted practice in determining whether firearms are household goods in the State of Missouri. However, there is nothing in this record to support such a conclusion.

Therefore, firearms are not household goods.

It would appear at first that this determination is inconsistent with the opinions in the *Boyer* and *Ray* cases from this District. Although these decisions allowed the debtors to avoid a lien on a list of personal property which included firearms, the specific issue of firearms as household goods does not appear to have been presented or argued in either case. If this appearance is incorrect, and the two earlier decisions support the position that firearms are household goods, then the opinion in this case respectfully disagrees.

A majority of other courts which have considered this question have rejected the notion of firearms as household goods. See for example *In re McPherson*, 18 B.R. 240 (Bkrtcy.N.M.1982); *Matter of Noggle*, 30 B.R. 303 (Bkrtcy.E.D.Mich.1983); *In re Wright*, 34 B.R. 643 (Bkrtcy.W.D.Ky.1983); *In re Wetzel*, 46 B.R. 254 (Bkrtcy.W.D.Vir. 1984); *In re Weaver*, 78 B.R. 135 (Bkrtcy.

N.D.Tex.1987); *In re Eveland,* 87 B.R. 117 (Bkrtcy.E.D.Cal.1988).

By separate order, the motion of ITT to reconsider the Court's oral findings and conclusions and orders in this matter is granted. The lien of ITT will be set aside as to all items of personal property listed in this matter *except:* all firearms; and certain hand tools, the value of which exceeds the statutory allowed amount by $200.00.