**In re William Michael McCAIN and Cynthia Lynn McCain, Debtors.**

**Bankruptcy No. 89–00218–BKC–DPM. Motion No. L1.**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 20, 1990.

Timothy H. Battern, St. Louis, Mo., for debtors.

Louis Glaser, St. Louis, Mo., for creditor.

Gerald A. Rimmel, Clayton, Mo., Trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. INTRODUCTION

The Debtors, William and Cynthia McCain, filed their voluntary Chapter 7 petition on January 18, 1989. On May 26, 1989, Debtors filed a Motion To Avoid Lien of Creditor, Century Finance Company of Missouri. The Creditor filed its Answer on June 7, 1989. A hearing was held on the Debtors' motion on July 14, 1989, and, at the request of the parties, the Court took the matter under submission.

The Court, having examined the pleadings filed in this matter, having considered the evidence adduced at hearing, and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law.

### II. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(K), which the Court may hear and determine.

### III. FACTUAL BACKGROUND

During October of 1987, the Debtors entered into a loan agreement with Century Finance Company of Missouri. In exchange for the loan, Debtors executed a

security agreement in favor of Century, granting it a security interest in Debtors' household goods and furniture. The loan is currently in default and the Debtors now seek to avoid Century's security interest to the extent it impairs those exemptions in household goods provided to Debtors under applicable Missouri law.

## IV. DISCUSSION

In their schedule of property claimed as exempt, the Debtors elected to exempt from the estate certain household goods pursuant to RSMo § 513.430 (1990). Under the terms of 11 U.S.C. § 522(b)(1), the State of Missouri opted out of the federal statutory exemption scheme. RSMo § 513.427 (1990). Included among the items claimed as exempt are two firearms and a camera. Creditor, Century Financial Company of Missouri, objects to the exemption of these particular items, contending that they do not fall within the definition of household goods held primarily for personal, family or household use. As a result, Creditor asserts that its security interest in the firearms and camera cannot be subject to avoidance under the terms of 11 U.S.C. § 522(f)(2)(A).

■ The courts are divided on the question of whether firearms are properly classified as household goods. Indeed, even within the Eastern District of Missouri conflicting results have been reached on the issue. In *In re Boyer*, 63 B.R. 153 (Bankr EDMo 1986), this Court concluded that the term household goods "... include[s] more than those items that are indispensable to the bare existence of a debtor and his family. Items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included." *Id.*, at 159. The Court employed the *Boyer* analysis two years later in *In re Bowen*, 82 B.R. 102 (Bankr EDMo 1988), and held that guns and cameras were household goods under RSMo § 513.430 subject to lien avoidance pursuant to Section 522(f)(2)(A) of the Code. *See also, In re Ray*, 83 B.R. 670, 673 (Bankr EDMo 1988), where the Honorable Barry S. Schermer found that guns "fall squarely within the realm of objects convenient or useful to a reasonable existence." *Citing, Boyer, supra.*

However, a recent decision in the Bankruptcy Court for the Eastern District of Missouri casts doubt on the continuing validity *Bowen* and *Ray*. The Court in *In re Oglesby*, 98 B.R. 960 (Bankr EDMo 1989), found that firearms are not properly classified as household goods and held that a nonpossessory, nonpurchase-money security interest in two rifles and a pistol was not subject to avoidance. The court considered common usage and accepted practice in the State of Missouri and concluded that firearms are not household goods. *Id.*, at 962. The Honorable James J. Barta noted that "the Missouri Bankruptcy Courts are not in agreement as to the inclusion of firearms in the category of household goods." *Id.*, at 961. To the extent Judge Barta found that firearms do not fall within the category of exempt household goods subject to avoidance pursuant to § 522(f)(2)(A), this Court respectfully declines to follow the findings of the court in *Oglesby*.

■ The Debtors assert they are entitled to avoid Century Finance's nonpossessory, nonpurchase-money security interest in the two guns and a camera because the items are exempt household goods under applicable Missouri law. However, Section 522(f)(2)(A) of the Code operates independently of state law. From the standpoint of lien avoidance, "only those personal goods necessary to the debtor's new beginning and of little resale value fit the federal bankruptcy philosophy embodied in § 522(f)(2)." *Matter of Thompson*, 750 F.2d 628, 631 (8th Cir 1984). Therefore, the Court must determine whether the items which previously were found to be exempt from the estate under state law are necessary to the Debtors' new beginning.

■ The Court finds that the two firearms, while properly categorized as household goods, are not necessary to the Debtors' new beginning. The evidence presented at the hearing indicates that the Debtors rarely used the guns and, in fact, they recently sold them. Accordingly, the Court holds that Century Finance Company of Missouri shall retain its security interest in the firearms. However, the Court finds that the camera listed by the Debtors as an

654

exempt household good is necessary to the Debtors' new beginning and, as such, is subject to lien avoidance. Therefore, the Court holds that all items of household goods listed by the Debtors, with the exception of the firearms, are of little resale value, necessary to the Debtors' new beginning and, as a result, are properly the subject of lien avoidance.

A separate Order consistent with this Memorandum Opinion will be entered this date.

### ORDER

For the reasons set forth in the Memorandum Opinion entered this date, it is hereby

ORDERED, ADJUDGED and DECREED that

The Debtors' Motion To Avoid Lien of Century Finance Company of Missouri in certain household goods other than the two firearms listed in Debtors' schedule of exempt property shall be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that Creditor, Century Finance Company of Missouri, shall retain its security interest only to the extent it attaches to Debtors' 12–gauge Remington shotgun and 30–30 Marlin rifle.