**In re Johnny G. FRALEY, Subreana C. Fraley, Debtors/Appellants,**

v.

**COMMERCIAL CREDIT and American General Finance, Appellees.**

**Civ. A. No. C95–541–L(H).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Nov. 16, 1995.

Jan C. Morris, Louisville, Kentucky, for debtors.

Commercial Credit Corporation, Baltimore, Maryland, pro se.

American General Finance of America, Inc., Elizabethtown, Kentucky, pro se.

### MEMORANDUM OPINION

HEYBURN, District Judge.

This case is before the Court on Appellants' appeal of two Bankruptcy Court orders. The issue on appeal in this case is whether a stereo, an aquarium and a camcorder, exempt from the bankruptcy estate by virtue of a state statute, are protected by the lien avoidance provision of 11 U.S.C. § 522(f). After hearing oral arguments and considering the applicable law, the Court concludes that the pertinent Bankruptcy Code section permits avoidance of liens on these specific items.

### I.

Debtors filed a Chapter 7 petition on May 1, 1995. Pursuant to K.R.S. §§ 427.010 and 427.160, Debtors claimed exemptions for a stereo, an aquarium and a camcorder.[1] No objections to the exemptions were filed.

Pursuant to 11 U.S.C. § 522(f), the Debtors subsequently filed two motions to avoid liens of American General Finance and Commercial Credit. Those liens involved a stereo, an aquarium and a camcorder. No objections to the motions to avoid the liens were filed. The Bankruptcy Court, thereaf-

---

1. In 1980, Kentucky opted out of the Federal Bankruptcy Code's exemptions. It declared that federal exemptions of The Bankruptcy Code do not apply in the State of Kentucky. K.R.S. § 427.170.

ter, overruled Debtor's two motions and stated that these items were not 'household goods.' The Debtors appealed these two orders. The Court reviews the Bankruptcy Court's decision *de novo* to determine whether these items qualify as 'household goods' and whether they are protected by the lien avoidance provision of the Bankruptcy Code.

## II.

■ Section 522(f) of the Bankruptcy Code sets forth the specific criteria that must be met before a debtor can avoid a lien. Those criteria are as follows:

    (1) The interest in the property is encumbered by a nonpossessory, nonpurchase-money security interest;

    (2) The interest in property must be in household furnishings, household goods, or appliances that are held primarily for the personal, family, or household use of the debtor or a dependant of the debtor;

    (3) The property is exempt;

    (4) The lien impairs an exemption to which the debtor would have been entitled.

11 U.S.C. § 522(f).

■ No one disputes that the stereo, aquarium and camcorder are exempt under the pertinent Kentucky statutes.[2] Only the second criterion is at issue. Although the Sixth Circuit has yet to consider the issue, it is beyond cavil that state law is relevant only to the question of the Debtors' exemptions. As one Bankruptcy Court stated, "[t]he issue of entitlement to exemptions of § 522(b)(1) or (2) and entitlement to the lien avoidance protection of § 522(f) are separate and distinct issues which are controlled by separate statutes." *Matter of Reid,* 97 B.R. 472, 475 (Bankr.N.D.Ind.1988) [citing *In re Psick,* 61 B.R. 308, 313 (Bankr.D.Minn.1985)]. Exemption under state law is a condition precedent to avoidance under federal law. *See In re Wright,* 34 B.R. 643 (Bankr.W.D.Ky.1983). Although Kentucky law defines the *exemptions,* federal law determines whether the lien avoidance protections of Section 522 can protect specific exempted items. *In re Heape,* 886 F.2d 280, 282 (10th Cir.1989).

The Bankruptcy Code, unfortunately, fails to give the courts any concrete definition of 'household goods.' Congress left this decision to the respective bankruptcy courts. Although the Sixth Circuit has yet to visit this issue, there is a plethora of other case law to guide the Court's consideration.

There appears to be essentially two prevailing approaches to the definition of 'household goods.' The first approach focuses on the necessity of the items to the debtor. Only those goods which are found around the home of the debtor and ultimately necessary to the debtor's "fresh start" can be categorized as 'household goods.' *See In re Vale,* 110 B.R. 396, 406 (Bankr.N.D.Ind.1989).[3] *In re Reid, supra.* Some courts which have adopted this necessity requirement also mandate that the item have little resale value. *In re McCain,* 114 B.R. 652, 654 (Bankr. E.D.Mo.1990). The second approach, on the other hand, is much more inclusive and does not mandate that the item be necessary to the debtor's "fresh start." Rather, any item "typically found in or used around the home would qualify as a household good (Citations

---

**2.** Debtors claimed exemption for these items under K.R.S. §§ 427.010 and 427.160. K.R.S. § 427.010 states in part:

    **Exempt personal property and disposable earnings of individual debtors.**—(1) The following personal property of an individual debtor or resident in this state is exempt from execution, attachment, garnishment, distress or fee-bill: All household furnishings, jewelry, personal clothing and ornaments not to exceed three thousand dollars ($3000) ...

K.R.S. § 427.160 provides:

    **Additional general exemption.**—In addition to other exemptions provided in this chapter every debtor shall have a general exemption not to exceed one thousand dollars ($1000) in value to be applied toward any property, real or personal, tangible or intangible in his estate when he has filed for bankruptcy under the provisions of The Bankruptcy Code....

**3.** This focus on "fresh start" finds its genesis in a House Report to the Bankruptcy Reform Act of 1978. A passage in that report emphasized that a purpose of The Bankruptcy Code was to ensure debtors a fresh start after bankruptcy. *See* H.R.Rep. No. 95–595, 95th Cong., 2d Session, 126, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6087. ("[The bill] adopts the position that there is a federal interest in seeing that a debtor that goes through bankruptcy comes out with adequate possessions to begin his fresh start." *In re McGreevy,* 955 F.2d 957, 960 (4th Cir.1992).

omitted)." *McGreevy*, 955 F.2d 957, 960 (4th Cir.1992).

The Fourth Circuit rejected both approaches and found that neither provided an adequate definition of the term. *In re McGreevy, supra.* The necessity requirement of the first approach, the court held, is not grounded in the statute or in the Congressional Record. The second approach, it claimed, failed to delineate between 'household goods' and goods which happened to be used in the house.

In synthesizing the two prevailing approaches, the Fourth Circuit stated that Congress intended a common sense definition of the term. As such, a functional nexus between the specific items and the home must be found before the item merits Section 522's protection. Failure to mandate a functional requirement, the Fourth Circuit maintained, would result in excluding items that support the functioning of the home or including items which do not provide supportive services to the debtors. *Id.*, 955 F.2d at 960. The court went on to define 'household goods' as follows:

> "Household goods" under Section 522(f)(2)(A) are those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living with the home, including maintenance and upkeep of the home itself.

*Id.*, 955 F.2d at 961.

■ This Court finds the Fourth Circuit's analysis the appropriate one. The Debtors claim that the stereo, aquarium and camcorder are 'household goods' as defined above. This Court agrees. These items are typically found in the home and, with the exception of the camcorder, are used exclusively there. None of them are luxury items. The most questionable item, the camcorder, is now the modern day equivalent of the picture album. That these items have entertainment purposes and may not be essential for survival does not disqualify any one of them as 'household goods' under Section 522. They

are, in fact, personal property which facilitates day-to-day living in the Debtors' household.[4] A practical viewpoint may counsel that these liens be voided as well. The administrative burden of accounting for these relatively minor household items may outweigh any need for maintaining them within the bankruptcy estate.

Consequently, the Court sets aside the Bankruptcy Court's orders and directs that the liens on these items be voided. The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

The Court having held oral arguments, considered the applicable law and otherwise being sufficiently advised,

IT IS HEREBY ORDERED that the Bankruptcy Court's orders dated June 26, 1995, overruling Debtor's Motions to Avoid liens of Commercial Credit and American General Finance (Docket Nos. 4 and 5) are hereby set aside.

IT IS HEREBY ORDERED that the lien of American General Finance in the following property be voided.

Property description: Stereo and Aquarium.

IT IS HEREBY ORDERED that the lien of Commercial Credit in the following property be voided.

Property description: Stereo, Aquarium and Camcorder.

This is a final and appealable order.

---

4. Moreover, should we not trust the debtors' request to have music in his house? After all, "the man that hath no music in himself ... let no such man be trusted." Shakespeare, *The Merchant of Venice*, V,i,I.