**In re Carrie E. ELST, Debtor.**

**Bankruptcy No. 97–20038–MDM.**

United States Bankruptcy Court, E.D. Wisconsin.

May 9, 1997.

MEMORANDUM DECISION

MARGARET DEE McGARITY,
Bankruptcy Judge.

## I. INTRODUCTION

This matter came before the court upon a motion by the debtor, Carrie Elst, to avoid the lien on certain personal goods under 11 U.S.C. § 522(f)(1)(B). The secured creditor, Avco Financial Services, objected to the motion on the grounds that the claimed items were not "household goods" as defined in 11 U.S.C. § 522(f)(1)(B)(i), and the lien was not avoidable under that statute. The court held a preliminary hearing on Avco's objection to the motion on March 4, 1997. At that time, the court took the matter under advisement, with the proviso that the court could schedule an evidentiary hearing if evidence appeared to be necessary. The parties agreed to that procedure. As discussed below, the court is satisfied that evidence is not necessary, as the ordinary use of the items in question is well within the court's experience. The parties have not suggested that the debtor's use is out of the ordinary. Thus, the court can determine as a matter of law whether the relevant items are household goods as that term is used in 11 U.S.C. § 522(f)(5)(1)(B)(i).

This court has jurisdiction over these parties pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K).

## II. FACTS

Avco Financial Services acquired as security for a loan extended to Ms. Elst a nonpossessory, nonpurchase-money security interest in certain items of Ms. Elst's personal property, including a Vantara GT Bicycle and 35" Magnavox Television. Ms. Elst subsequently filed for bankruptcy protection under Chapter 7. During the pendency of the bankruptcy proceedings, Ms. Elst filed a motion to avoid the lien against the bicycle, television, and other items pursuant to 11 U.S.C. § 522(f)(1)(B). Avco filed an objection to the motion to avoid lien on the grounds that the debtor's bicycle and television, which the debtor acknowledges is the second television

Jeffrey A. DeMatthew, Racine, WI, for debtor.

John C. Plous, Kenosha, WI, for Avco Financial Services.

set in the household, do not qualify as "household goods" under § 522(f)(1)(B)(i). Objections as to other items have been resolved by the parties.

### III. ANALYSIS

The court believes this issue may appropriately be decided as a matter of law. There are no contested issues of fact; the inquiry is one of semantics and statutory construction of 11 U.S.C. § 522(f).

In order for Ms. Elst to successfully avoid the lien on her property, she must satisfy the criteria set forth in 11 U.S.C. § 522(f): (1) the interest in the property is encumbered by a nonpossessory, nonpurchase-money security interest; (2) the encumbered items of property are household furnishings, household goods, or appliances that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; (3) the property is exempt; and (4) the lien impairs an exemption to which the debtor would have been entitled. In order to qualify as household goods, eligible items must be "held primarily for the personal, family, or household use of the debtor or a dependent of the debtor" within the meaning of 11 U.S.C. § 522(f)(1)(B)(i). Whether a bicycle or an extra television set, two very common items held by many debtors, qualify for lien avoidance has not been definitively determined in the Seventh Circuit.

■ The Fourth Circuit Court of Appeals has provided a thorough discussion of the definitions traditionally applied in similar cases and concludes that " 'household goods' under section 522(f)[ (1)(B)(i) ] are those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself." *In re McGreevy,* 955 F.2d 957, 961–62 (4th Cir.1992).

The *McGreevy* court notes that bankruptcy courts have traditionally adhered to one of two different definitions of "household goods." *Id.* at 959. The first and most restrictive definition focuses not only on the use of the items in question, but also upon the necessity of the goods to the debtor as he emerges from bankruptcy. This definition includes "only those goods that are found and used in or around the debtor's home *and* that are necessary to a debtor's fresh start after bankruptcy." *Id.* (citing *McTearnen v. Associates Financial Services Co. of Colorado, Inc.,* 54 B.R. 764, 765 (Bankr.D.Colo.1985) (bicycle not household good)). Some courts also require that the item be of limited resale value in order to be considered a "household good." *Id.* at 959 n. 5 (citing *Matter of Reid,* 97 B.R. 472, 478 (Bankr.N.D.Ind.1988) (bicycle not household good)).

The second definition also focuses on use of the items and is more inclusive. This "proximity" definition includes "all goods typically found and used in or around the home, whether or not they would be considered strictly necessary to a debtor's fresh start." *McGreevy,* 955 F.2d at 960 (citing *In re Miller,* 65 B.R. 263, 265–66 (Bankr.W.D.Mo. 1986) (television household good; bicycle not household good)). However, this "proximity" definition of household use actually has two branches. One requires that the items be used in and around the home, making proximity to the home during use by the debtor the only requirement for status as a household good. The other branch allows use away from the home. This latter branch includes " 'personal property that enables the debtor and his dependents to live in a usual convenient and comfortable manner or that has entertainment or recreational value ... *even though it is used away from the residence or its curtilage.*' " *Id.* at 960 n. 8 (quoting *In re Bandy,* 62 B.R. 437, 439 (Bankr.E.D.Cal.1986) (televisions household goods)); *see also In re Courtney,* 89 B.R. 15, 16 (Bankr.W.D.Tex.1988) (bicycles household goods); *In re Ray,* 83 B.R. 670, 673 (Bankr. E.D.Mo.1988) (bicycles household goods). The *McGreevy* court criticized cases allowing use away from the home because "Congress provided lien avoidance for 'household goods,' not for all 'goods.' " *McGreevy,* 955 F.2d at 960 n. 8.

According to the Fourth Circuit, the "necessity" definition is underinclusive "because some goods are used to support and facilitate daily life within the home that are not strictly

necessary to day-to-day living." It found both branches of the "proximity" definition overinclusive; specifically, the focus only on proximity to the home was too broad "because some goods are found and used within the home that are not used to support and facilitate home life." *McGreevy*, 955 F.2d at 961.

The *McGreevy* court preferred a determination, for purposes of § 522(f), that the goods are actually used to support and facilitate daily life within the house. There must be a "functional nexus between the good and the household." *Id.* This court favors the nexus approach. This court is also of the view that a household good is one used in and around the home—not away from it. Application of the *McGreevy* test requires a determination of whether the items at issue are actually used to support and facilitate daily life within the house. Whether or not an item constitutes a household good "will necessarily depend in whole or in part upon the cultural environment of the debtor or the geographic location of the debtor's household." *Id.* at 962.

This court does not believe that the debtor's bicycle facilitates and supports day-to-day living within the household. A bicycle may enhance the lifestyle of a debtor, much like hunting, fishing or camping equipment. Nevertheless, a bicycle is not used in the house and thus does not have a household purpose. Because the debtor's bicycle does not qualify as a household good, § 522(f)(B)(i), it is not subject to lien avoidance.

Regarding the debtor's television, the *McGreevy* court noted that an item need not be strictly necessary for daily living in order to qualify as a household good under this standard. *See id.* at 961. A bankruptcy court for the Eastern District of Tennessee followed the reasoning of *McGreevy* and determined that the debtor's VCR was exempt because it was used for personal entertainment within the household, as opposed to professional or commercial use. *In re French*, 177 B.R. 568, 572 (Bankr.E.D.Tenn. 1995); *see also Fraley v. Commercial Credit*, 189 B.R. 398, 400 (W.D.Ky.1995) (stereo, aquarium and camcorder qualified as household goods even though not essential to survival). Similarly, the television facilitates and supports day-to-day living by providing entertainment for the debtor. Avco claims that because the debtor has another television set, the 35" Magnavox does not facilitate home life. Section 522(f)(1)(B) allows the debtor to avoid a nonpossessory, nonpurchase-money security interest in *any* household goods; i.e., any goods that fulfill a household purpose. The number of similar items is not necessarily determinative of whether or not the particular good is used to support and facilitate daily life within the home. The debtor's television set, although a second one, presumably provides entertainment and enlightenment to the debtor, her family and guests in a different part of the residence from the first set. This makes it a household good subject to lien avoidance.

## IV. CONCLUSION

As discussed above, this court adopts the definition of "household goods" utilized by the Fourth Circuit in *In re McGreevy*, 955 F.2d 957 (4th Cir.1992). Thus, household goods under § 522(f) are those items of personal property that are typically found in or around the home and used by the debtor or the debtor's dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the house itself. Because the debtor's bicycle does not support and facilitate day-to-day living within the debtor's home, it does not qualify as a household good under § 522(f), and is not subject to lien avoidance. Because the debtor's television set does support and facilitate daily living within the debtor's home, it is a household good under § 522(f), and the creditor's objection to avoidance of the security interest thereon will be overruled. A separate order consistent with this decision will be entered.